WILLIAM L. PALMER, Appellant, *v.* WILBUR PURDY as Executor, etc., Impleaded, etc.

*It seems* that one of several original debtors may so contract with the others for their assumption and payment of the common debt, as to acquire the rights of surety, upon notice of the new arrangement being given to the creditor.

Such notice, however, must be definite and distinct, and so given as to fully and fairly apprise the creditor of the changed attitude of the debtor claiming the rights of a surety.

Plaintiff leased certain premises to a firm. Two of the partners subsequently left the firm and the premises, the partners remaining having by valid contract assumed and agreed to pay the rent thereafter accruing. In an action brought against the original members of the firm to

recover such rent, it appeared that plaintiff was informed that the two partners were going out, and that the others were to remain and would pay the rent; but it did not appear that he was advised of any agreement by which those remaining were bound to pay the rent, or by which the legal relation of the retiring members of the firm to the common liability was changed. *Held,* that the evidence failed to establish the right of the retiring partners to be treated as sureties.

S. & O., the defendants who continued the business gave their notes to plaintiff for rent in arrears. These were accepted by him upon the express stipulation that the liability of G & P. the other defendants, should not thereby be released, and with the reservation of his rights and remedies against them. *Held,* that the arrangement was not such an extension as discharged G. & P., even if the rights of sureties were accorded to them.

(Argued November 18, 1880; decided December 7, 1880.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made November 29, 1879, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought originally against Lyman A. Gill, Prior F. Purdy, Francis Cassidy and William Flanigan to recover a balance of rent alleged to be due and unpaid upon a lease executed by plaintiff to the firm of Gill, Purdy, Cassidy & Co., which was composed of said defendants. Gill and Purdy alone answered, alleging that soon after the execution of the lease said firm was dissolved, they retiring therefrom and renting another store, and that the business was thereafter continued by Cassidy and Flanigan, who continued in possession of the premises, having agreed to assume and pay the rent for the unexpired term, with the knowledge and assent of the plaintiff, who subsequently received the promissory notes of Cassidy and Flanigan in full payment for all arrears of rent. Gill died before trial and Purdy after the appeal to this court.

The facts appearing on trial are sufficiently set forth in the opinion.

*F. E. Dana* for appellant. Mere delay in prosecuting the

principal does not exonerate the surety unless there has been a request by him to proceed. (*Clark* v. *Sickles,* 64 N. Y. 231; *Thompson* v. *Hall,* 45 Barb. 214; *Pain* v. *Packard,* 13 Johns. 173; *Bk. of Oswego* v. *Poucher,* 56 N. Y. 548; *Hubbard* v. *Gurney,* 64 id. 457; *Cary* v. *White,* 52 id. 138, 143; *Remsen* v. *Gates,* 41 id. 471; *Neimceweiz* v. *Gahn,* 11 Wend. 312; *Marshall* v. *Davies,* 78 N. Y. 414; *Bangs* v. *Strong,* 10 Paige, 11; *Smith* v. *Rogers,* 17 Johns. 340; *Wood* v. *Robinson,* 22 N. Y. 564; *Halliday* v. *Hart,* 30 id. 474; *Bates* v. *Rosekrans,* 37 id. 409; *Lowman* v. *Yates,* id. 601; *Van Elten* v. *Trandden,* 1 Hun, 432; *Vernam* v. *Harris,* id. 451; *Millerd* v. *Thorn,* 56 N. Y. 402; *Dodd* v. *Dreyfuss,* 17 Hun, 600.) Hand, by taking the notes of Cassidy and Flanigan for part of the amount due from the defendants for rent, without any agreement in reference thereto, did not extend the time of payment of the rent. (*Hubbard* v. *Gurney,* 64 N. Y. 457; *Millerd* v. *Thorn,* 56 id. 402; *Halliday* v. *Hart,* 30 id. 474; *Cary* v. *White,* 52 id. 138; *Gahn* v. *Neimceweiz,* 11 Wend. 312.) But even if the notes had been received in payment of the rent, they discharged the debt only *pro tanto,* and left the defendants liable for the balance, $146.21. (*Lowman* v. *Yates,* 37 N. Y. 601.) A new agreement between a creditor and his principal debtor will not discharge the sureties when, by the new agreement, the remedies of the creditor against the sureties are expressly and clearly reserved. (*Morgan* v. *Smith,* 70 N. Y. 537, 545; *Boultbee* v. *Stubbs,* 18 Vesey, 20, 22; *Burke's Case,* cited *ex parte Gifford,* 6 id. 805, 809; *Webb* v. *Hewitt,* 3 Kay & J. 338; *Kearsley* v. *Cole,* 16 M. &. W. 126; *Calvo* v. *Davies,* 73 N. Y. 211, 217; *Elwood* v. *W. U. Tel. Co.,* 45 id 549; *Lomer* v. *Meeker.* 25 id. 361; *Koehler* v. *Adler,* 78 id. 287.)

*Amos G. Hull* for respondent. Defendant was discharged from all liability to plaintiff by the acts of the latter. (*Millerd* v. *Thorn,* 56 N. Y. 402; *Colgrove* v. *Tallman,* 67 id. 95; *Dodd* v. *Dreyfus,* 17 Hun, 600; *Calvo* v. *Davies,* 73 N. Y. 216.)

FINCH, J. The defense in this case would have been sound, if the facts proven had brought it within the rule of law applied upon the trial. It is settled that one of several original debtors can so contract with the others for their assumption and payment of the common debt as to acquire the rights of a surety, upon knowledge of the new arrangement being communicated to the creditor. (*Millerd* v. *Thorn*, 56 N. Y. 402; *Colgrove* v. *Tallman*, 67 id, 95; *Calvo* v. *Davies*, 73 id. 216.) This is not a rule which in any manner assumes to alter or modify the original contract or the common liability. That remains as an unchanged fact, and may be enforced as freely and perfectly as ever against all the debtors. The change effected is that as between themselves, one becomes a surety for the rest because of a valid agreement by which they become primarily liable for the debt and bound to pay it in exoneration of their associate, and this fact being fairly and fully brought to the knowledge of the creditor, he is bound to respect the rights of the debtor who had become a surety and acquired the right to protection as such. When, therefore, by the agreement of the debtors among themselves, it is sought to invest one or more of them with new equitable rights outside of the original contract by notice to the creditor of the later arrangement, it is not too much to require that such notice shall be definite and distinct, and so given as to fully and fairly apprise the creditor of the new agreement in fact made, and the changed attitude of the debtor claiming the rights of a surety.

That was not done in this case. Of the four tenants, all liable for the rent, two, Gill and Purdy, left the firm and the premises, and two, Cassidy and Flanigan, remained, having by a valid agreement with the outgoing partners assumed and agreed to pay the rent thereafter to accrue. If the fact of that agreement had been fairly communicated to the creditor the right of Gill and Purdy to be treated as sureties would have been established. But no such communication is shown. The only fact proven is that Cassidy informed the plaintiff's agent that Gill and Purdy were going out and Cassidy and Flanigan were to remain and pay the rent. No

agreement by which they were bound to do so made between themselves and Purdy and Gill, was in any manner communicated to plaintiff or his agent. The sole witness relied on is Cassidy. He testified: "I told Mr. Hand at the time that we were going to remain there, and we would pay the rent along. Ques. That is that you and Cassidy would pay the rent? Ans. Flanigan and I would stay there. Ques. And would assume and pay the rent? Ans. Yes, sir. Ques. And that Gill and Purdy were going away? Ans. They were going — yes, sir." And when, on cross-examination, he was asked to repeat exactly all that he remembered of this conversation, his answer was, "I don't know as I — I didn't — could not remember the exact conversation, what it was. The whole import of it was that Gill and Purdy were going out, and that we were going to remain." In all this there is an utter failure to prove the essential fact that the existence of an agreement between the partners by which Cassidy and Flanigan had become primarily bound to pay the rent was communicated to Hand. No such agreement is stated at all. Nothing is told inconsistent with the idea that the legal relation of Gill and Purdy to the common liability remained unchanged. That they were going out, that Cassidy and Flanigan would remain, that the latter would pay the rent, were the sole facts communicated, but there was nothing in them to indicate the existence of an agreement upon the dissolution by which the remaining partners were bound to pay the rent in exoneration of the retiring members of the firm, or to warn the creditor that such retiring partners had been placed in the position and acquired the rights of sureties.

The unsoundness of the defense, however, did not end here. Certain notes were given by Cassidy and Flanigan for rent in arrears, which it is claimed extended the time of payment so as to discharge Gill and Purdy, if indeed they had acquired the rights of sureties. While the defendants do prove that the notes were made to the order of Hand for the purpose of paying the rent, they do not prove their delivery to Hand at all. The latter, however, admits their delivery to him by Prentice,

the bookkeeper of Cassidy and Flanigan, but swears that when they were delivered he accepted them upon the express stipulation that the liability of Gill and Purdy should not thereby be released, and expressly reserving the rights and remedies of the plaintiff against them. There is no contradiction of this evidence, and the undisputed fact is that the notes were delivered and accepted upon the express condition referred to. Such arrangement did not discharge Gill and Purdy, even if we accord to them the rights of sureties. (*Morgan* v. *Smith*, 70 N. Y. 545; *Calvo* v. *Davies*, 73 id. 211.) The agreement, as was said by ANDREWS, J., in the case last cited, "does not operate as an absolute but only as a qualified and conditional suspension of the right of action :" * * "it is treated in effect as if it was made in express terms subject to the consent of the surety, and the surety is not thereby discharged."

It is apparent, therefore, that no defense to plaintiff's conceded claim for the rent was established, and no question of fact was raised to be submitted to the jury. And when, at the close of the evidence, the plaintiff's counsel asked the court to direct a verdict for the plaintiff for the amount claimed, which request was refused under exception, an error was committed, vital to the case, and for which the judgment should be reversed.

The judgment should be reversed; new trial granted, costs to abide event.

All concur except RAPALLO, J., absent.

Judgment reversed.