The Colonial City Traction Company, Appellant, v. The Kingston City Railroad Company, Respondent.

Street Surface Railroads — Proceeding to Acquire Use of Connecting Tracks. The requirement of the Railroad Law which, by virtue of section 91, compels a street surface railroad company to obtain the consents of the local authorities and abutting owners to such use before it can apply to acquire the right to use the connecting track of another company by a proceeding *in invitum* under section 102 of that law, is absolute and does not depend upon what the defendant company might have the power to voluntarily agree to.

(Submitted December 6, 1897; decided December 14, 1897.)

Motion for a reargument.   (See 153 N. Y. 540.)

*G. D. B. Hasbrouck* and *Charles Stewart Davison* for motion.

*A. T. Clearwater* opposed.

Vann, J.   This motion for a reargument is based on the possibility that the court may have overlooked one of the points presented both orally and in writing on the argument. This possibility is founded on the fact that the point is not discussed by the court in its opinion, but, as we have held, that fact gives rise to no such inference in any case, and in this case it is expressly stated that the reason for not adopting the opinion of the Appellate Division, which, as reported, discusses the point supposed to have been overlooked, was to avert further litigation by deciding a question that, although presented by the record, was not decided by that learned court. (*Kamp* v. *Kamp*, 59 N. Y. 212, 221; *Dammert* v. *Osborn*, 141 N. Y. 564.)   The point that the appellant apprehended was overlooked was duly considered by us, although no expression of consideration appears in the opinion.   It is, in substance, that inasmuch as the defendant succeeded to the rights of a company organized prior to the amendment of the Constitution in 1874, it has the right, if it chooses, to allow

the use of its tracks by other roads, and that this right could not be infringed upon by subsequent legislative enactments; that such right, as it is further argued, can be exercised by the defendant without regard to whether the road with which it desires to contract was organized prior to the constitutional or statutory enactments, or subsequent thereto; and upon this assumption, it is urged, that as the law provides for an appeal to the courts where there is an unreasonable refusal of property owners, so the law provides for an appeal to the courts where there is an unreasonable refusal by such a company as the defendant. The conclusion that we are asked to reach from this line of argument is that as the property owners' consent " is compellable at law," so, where a road can voluntarily grant the right to use its tracks, "it is compellable to grant it through procedure in the courts," even if the statutory consents have not been obtained by the road making the application.

As the plaintiff was organized in 1896, and succeeded to the rights of a company organized in 1893, the Constitution and Railroad Law as existing since the latter date control its rights, whatever effect they may have upon organizations of an earlier date. The Railroad Law is the only authority for this proceeding, and the plaintiff, as the moving party in the effort to acquire certain rights through the power of eminent domain, was bound to proceed strictly in accordance with its requirements. (*Matter of Kings County Elevated Railway Co.*, 82 N. Y. 95, 99; *Matter of Union Elevated Railroad Co.*, 113 N. Y. 275, 279.) These requirements are general. They make no discrimination based upon the rights or powers of the road proceeded against, and are not affected by what that road can voluntarily consent to. If the defendant has the right to lease its road to another company, that right cannot be invoked by the plaintiff as a substitute for the statutory requirements nor made the sole foundation of a proceeding to compel the defendant to permit the use of a portion of its tracks. The statute contains nothing that expressly or impliedly sanctions such a conclusion. The plaintiff must

move upon its own status and cannot rely upon the status of the defendant in opposition to its wishes.

As we aimed to demonstrate in the opinion giving our reasons for affirming the judgment, the consents of the local authorities and the abutting owners to the use of the intervening track of the defendant by the plaintiff are, by virtue of section 91 of the Railroad Law, conditions precedent to the proceeding to acquire such use under section 102 of that law. In other words, the plaintiff is not in a position to make the application until it has first obtained such consents. The prohibition of the Railroad Law is absolute so far as the plaintiff, proceeding *in invitum*, is concerned, and does not depend upon what the defendant might have the power to voluntarily agree to.

It is also suggested that our opinion has raised apprehension as to its effect as a precedent upon railroad leases and traffic agreements, of which there are said to be many now in force all over the state. It was not our intention to decide any case but the one before us, which simply involved the standing of the plaintiff to make the application in question, and our opinion should be read in the light of that purpose. If, as sometimes happens, broader statements were made by way of argument or otherwise than were essential to the decision of the questions presented, they are the dicta of the writer of the opinion and not the decision of the court. A judicial opinion, like evidence, is only binding so far as it is relevant, and when it wanders from the point at issue it no longer has force as an official utterance. The failure to read the opinions of courts with this fact in mind gives rise to much fruitless litigation.

The motion should be denied.

All concur, except GRAY and O'BRIEN, JJ., not voting.

Motion denied.