MORRISEY v. BERMAN et al.

(Supreme Court, Appellate Term. June 28, 1905.)

PARTNERSHIP—DISSOLUTION—LIABILITY FOR DEBTS.

Where creditors of a partnership have notice of its dissolution and the continuation of the business by one of the partners assuming the debts, the continuing partner is primarily liable for the partnership debts, and the individual estate of the retiring partner can only be resorted to after the creditor has exhausted his remedy against the continuing partner.

Greenbaum, J., dissenting.

Appeal from City Court of New York.

Action by John Morrisey against Samuel Berman and another. From a judgment in favor of defendants, plaintiff appeals. Modified.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Alexander Pfeiffer, for appellant.
Abraham A. Berman, for respondents.

SCOTT, P. J. This action was brought against two defendants, Charles Cohen, who defaulted, and the respondent Berman, upon a promissory note made by them while copartners. Berman pleaded, and it was so proven, that after the making of the note the copartnership between himself and Cohen had been dissolved; that the assets had been taken over and the copartnership liabilities assumed by Cohen; and that notice of such dissolution, taking over, and assumption had been given to plaintiff. It was also alleged, but not proven, that plaintiff, with knowledge of these facts, and without the consent of the defendant Berman, had extended the time of payment of the note, thereby discharging this respondent from liability thereon. The learned justice held, as matter of law, that the dissolution of the firm, and the taking over by one partner of all the copartnership assets, and his assumption of the firm liabilities, notice thereof having been given to the plaintiff, cast upon

him the obligation, as a firm creditor, to look primarily to the partner who took over the assets and assumed the debts, and that the retiring partner might not be proceeded against until the plaintiff had pursued and exhausted his remedy against the continuing partner. The necessary exception having been taken, the question presented by this appeal is the correctness of the ruling of the learned trial justice. The well-established rule respecting the relative liabilities after dissolution of persons who have been members of a partnership is well stated in U. S. National Bank v. Underwood, 2 App. Div. 342, 37 N. Y. Supp. 838, as follows:

"It is not to be disputed that when a firm is dissolved, and one of the partners takes the assets and assumes the liabilities, the other partner occupies thereafter the position of a surety, not only between the partners themselves, but as to all others who have had dealings with the firm to whom notice of the new contract has been brought."

It has accordingly been frequently held that if a firm creditor, under such circumstances, gives a valid extension of credit to the continuing partner, without the consent of the retiring partner, he thereby absolves the latter from obligation upon the indebtedness. Such absolution can only result from the creation, by the dissolution and notice, of a relation analogous to that of principal and surety between the continuing and retiring partner; a relation which the firm creditor, having notice, is bound to recognize and respect. It must also follow, as a consequence of the creation of this relation, upon the plainest principles, that the creditor must first prosecute his remedy against the principal, before he may have recourse to the surety. But it is said that the creation, in the manner described, of the relation of principal and surety as between the debtors themselves, does not in any manner alter or modify the original contract or the common liability; that that remains an unchanged fact, and may be enforced as freely and perfectly as ever against all the debtors. Palmer v. Purdy, 83 N. Y. 144. A consideration of the obligation arising out of copartnership debts will make it readily apparent that the rule applied by the learned court below does not in any degree alter or modify the original contract. The assets of the firm are the primary fund for the payment of partnership debts, and even in the case of a going partnership recourse must first be had to the partnership assets before satisfaction can be sought out of the individual property of partners. True, in such a case, all the partners are sued, but this is because they all have, in legal contemplation, the possession and ownership of the partnership assets. It is therefore both logical and just that, after a dissolution in which one partner has taken all the assets and assumed the payment of all the debts, recourse should first be had to the partnership assets, which, in the absence of allegation or proof to the contrary, must be assumed to be sufficient to pay the debt. In this way the creditor gets precisely what he contracted for, and what he would have had if there had been no dissolution, to wit, first, recourse to the partnership assets, and then, if these prove insufficient, recourse over to the individual property of the copartners with whom he contracted. A precisely similar ques-

tion is presented where a member of a copartnership has died. His estate still remains contingently liable upon the copartnership obligation, but his executor may not be joined, in the first instance, with the surviving partner, in an action upon the obligation. The reason is the same as that which seems to apply to the case at bar. The surviving partners having succeeded to the possession and control of the partnership assets, which constitute the primary fund for the payment of the obligations, are primarily liable for the debt, and the individual estate of the deceased partner, or, in this case, the individual estate of the retiring partner, can only be resorted to in case of the insufficiency of the copartnership assets. Voorhis v. Childs' Ex'r, 17 N. Y. 354.

In the case at bar, Cohen, the continuing partner, became the principal debtor, not because, as between himself and his copartner, he had undertaken to pay the debt, but because by the terms of the dissolution he had come into possession and sole ownership of the partnership assets, which, from the beginning, constituted the primary fund for the payment of the debt. It may be said that every member of a copartnership assumes a dual liability for the firm's debts. As joint owner of the partnership assets, he is primarily liable up to the amount of those assets. If they prove to be insufficient, he is contingently liable as an individual for so much as the assets will not satisfy, but his individual liability does not accrue until the insufficiency of the copartnership assets is made to appear. By the assignment of all the firm's assets to Cohen, Berman's primary liability as joint owner of the assets terminated. The assets—the primary fund—still existed, but were solely owned by Cohen, and a judgment against him alone was the appropriate method to reach them. Berman's individual liability still continues as before, and precisely to the same extent, and upon the same condition; that is, he remains individually liable for so much of the debt as cannot be realized out of the copartnership assets. But until recourse has been had to the firm assets (which can only be done by judgment against the continuing partner), and they have proven insufficient, the individual liability of the retiring partner has not become established.

It follows that the learned justice below applied the correct rule to the facts as they appeared. As the appellant may still be liable upon his contingent obligation, the words "on the merits" should be stricken from the judgment, in order to preclude a possible plea of res adjudicata in case an action to enforce his individual liability should hereafter be properly brought.

The judgment, as thus modified, will be affirmed, with costs.

LEVENTRITT, J., concurs.

GREENBAUM, J. (dissenting). This action was brought against two defendants upon a promissory note made by them as copartners. The defendant Berman pleaded in defense that the copartnership had been dissolved, that the assets had been taken over, and the liabilities of the firm assumed by the defendant Cohen; that

notice of the dissolution and the terms thereof was given to plaintiff; and that he, with full knowledge of these facts, thereafter extended the time of payment of the note without defendant's consent, thereby discharging him from liability thereon. The defendant Berman, however, failed to establish upon the trial so much of his defense as related to an alleged extension of credit by plaintiff to the continuing partner. Upon this state of the proofs the learned trial justice refused upon plaintiff's motion to direct judgment against both defendants, and charged the jury that, if they found that plaintiff had notice of the dissolution of defendants' copartnership and of the fact that the defendant Cohen had assumed all the liabilities of the firm, their verdict must be for the defendant Berman. The court held, as matter of law, that mere notice to the plaintiff of the dissolution of the firm and of the assumption by the continuing partner of all the debts of the firm obligated the plaintiff, a creditor of the partnership, to look primarily to the partner who assumed the debts, and that the retiring partner may not be proceeded against until after the creditor had exhausted his remedies for the collection of the debt against the other partner. The plaintiff duly excepted to the rulings and charge of the learned justice. The conclusions of the learned court below seem to have been based upon the following expressions in U. S. National Bank v. Underwood, 2 App. Div. 342, 37 N. Y. Supp. 838:

"It is not to be disputed that when a firm is dissolved, and one of the partners takes the assets and assumes the liabilities, the other partner occupies thereafter the position of a surety, not only between the partners themselves, but as to all others who have had dealings with the firm, to whom notice of the new contract has been brought."

I fail to find any statement in the Underwood Case from which it is necessarily to be inferred that the original contractual relationship created between the members of a partnership and a creditor may be changed by the acts inter sese of the partners. All the authorities on this subject, as I read them, hold that the contract between a creditor and a copartnership is not altered by the act of dissolution of the latter firm, but that if, under the terms of the dissolution, the relationship between the partners has been changed to that of principal and surety, the creditor having notice of such changed relationship is bound to respect it, and do naught that may imperil the rights of the surety towards his former partner as principal. Thus, if the creditor, under such circumstances, gives an extension of credit, he takes the risk of absolving the retiring partner (the surety as between himself and his former partner) from any further liability for the partnership debt. U. S. National Bank v. Underwood, supra; Palmer v. Purdy, 83 N. Y. 144; Millerd v. Thorn, 56 N. Y. 402; Reed v. Ashe, 18 App. Div. 503, 46 N. Y. Supp. 126. The rule is clearly stated in Palmer v. Purdy, supra, at page 147:

"This is not a rule which in any manner assumes to alter or modify the original contract or the common liability. That remains an unchanged fact, and may be enforced as freely and perfectly as ever against all the debtors. The change effected is that as between themselves one becomes a surety for

the rest because of a valid agreement by which they become primarily liable for the debt, and bound to pay it in exoneration of their associates, and, this fact being fairly and fully brought to the knowledge of the creditor, he is bound to respect the rights of the debtor who had become surety, and against the right to protection as such."

If the contract between the partnership and the creditor is not modified or changed by any agreement between the partners, and the creditor is merely bound to respect the changed relationship of the partners towards each other, it follows that the creditor has an absolute right to bring his action against all the partners who were liable when the creditors' contract with them was made, and that it is only a matter of defense available to a retiring partner to set up facts which tend to establish that the creditor has not respected his rights as surety, created by the act of dissolution. If it be only a matter of defense, why should the creditor be obliged first to sue the assuming partner as principal, and fall back upon the surety in case he is unable to collect the claim from the principal? To require this would be to ignore the rule laid down in Palmer v. Purdy, supra, which distinctly states that the original contract between the creditor and the partnership firm "remains unchanged." The analogy made between the case at bar and that of dissolution by death of a partner, where it is necessary to bring an action against the survivor before resort may be had against the legal representatives of the deceased partner, does not appeal to me as at all apposite. The legal representatives of a deceased partner are not jointly indebted with the surviving partner, and hence could not, under any theory, be joined in an action at law upon a partnership debt. Resort may only be had in equity against the estate of the deceased partner, after the creditor has exhausted his remedy against the survivor or survivors in an action at law. Richter v. Poppenhausen, 42 N. Y. 373, 376; Leggat v. Leggat, 79 App. Div. 141, 144, 80 N. Y. Supp. 327. In the present case it is sought to transform the act of the living partners, entered into without the consent of the creditor, into a new contract with the creditor, remitting him to two separate actions at law in case of a failure to collect from the partner who has assumed the firm obligations—a situation quite different from the consequences flowing from the death of a partner, and necessarily within the contemplation of the original contracting parties.

Nor do I deem it a correct exposition of the law of partnership to hold that a partner is primarily liable to a partnership creditor up to the amount of the partnership assets, and only contingently liable as an individual for so much as the assets will not satisfy the demand of the creditor. The partnership law of this state in express terms declares that "every general partner is liable to third persons for all the obligations of the partnership, jointly and severally with his general copartners." Section 6 of partnership law (Laws 1897, p. 561, c. 420). There is no suggestion in the law that the liability of a general partner is contingent upon the insufficiency of the partnership assets to meet the just claims of partnership creditors. Where judgment is rendered upon the personal

service of the summons upon all the members of a copartnership, execution may issue against each individual served, and may therefore be satisfied against the separate property of any of the defendants. Pruyn v. Black, 21 N. Y. 300, 303; Saunders v. Reilly, 105 N. Y. 12, 21, 12 N. E. 170, 59 Am. Rep. 472. It seems clear to me that this action was properly brought against the original parties constituting the partnership firm, and that, upon the failure of the defendant Berman to prove that any extension of credit had been given by the plaintiff to the other defendant, the plaintiff was entitled to judgment against both defendants.

The judgment should be reversed, and a new trial ordered, with costs to appellant.