OGILBY v. MUNRO.

(Supreme Court. Appellate Term. December 11, 1906.)

1. BANKRUPTCY—DEBTS DISCHARGED.

Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], provides that a discharge in bankruptcy shall release a bankrupt from all his provable debts. *Held*, that where, on the dissolution of a partnership between plaintiff and defendant, defendant agreed to pay the partnership debts and save plaintiff harmless therefrom, and after the filing of defendant's petition in bankruptcy judgment was entered on a partnership debt, the discharge in bankruptcy was no bar to an action by plaintiff against defendant to recover the amount paid by plaintiff in satisfaction of the judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 785.]

2. INDEMNITY—EXTENT OF LIABILITY—ASSUMPTION OF LIABILITY OF PARTNER.

Where, on the dissolution of a partnership between plaintiff and defendant, defendant agreed to pay the partnership debts and save plaintiff harmless therefrom, and thereafter judgment was entered on a partnership debt, and supplementary proceedings were commenced against plaintiff, who claimed never to have known of the nonpayment of the debt or the judgment until such proceedings were commenced, and he engaged counsel who took steps in his behalf in such proceedings, and plaintiff satisfied the judgment, in an action over by him against defendant he was not entitled to recover the amount paid by him to his counsel in the supplementary proceedings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indemnity, § 17.]

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by Charles Ogilby against Christopher W. Munro. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Hollander & Bernheimer (Clarence G. Bernheimer, of counsel), for appellant.

Maurice J. Katz, for respondent.

GILDERSLEEVE, J. The facts in this case are substantially undisputed. In December, 1899, the plaintiff and defendant formed a partnership. On July 1, 1901, the partnership was dissolved by con-

sent; Munro entering into a written agreement whereby he assumed and agreed to pay the partnership debts and to keep Ogilby harmless from such debts. At this time the firm was indebted to the firm of Madeley, Spurr & Co., who began a suit against Munro & Ogilby in October, 1902. This action does not seem to have ripened into a judgment until March 11, 1904. In the meanwhile Munro had voluntarily gone into bankruptcy, and on March 7, 1904, a few days before Madeley, Spurr & Co. obtained a judgment, Munro had been adjudicated a bankrupt. In January, 1906, supplementary proceedings were instituted by Madeley, Spurr & Co. against Ogilby, and in the May following he settled the claim by paying $270. Ogilby had knowledge that Munro had gone into bankruptcy at some time between the time he was adjudicated a bankrupt and the date of his final discharge, but was not included in the schedule of the bankrupt's debts and never received any notices. It is claimed by Ogilby, although testimony to that effect was excluded upon objection made by defendant's attorney, that he (Ogilby) was not served with the summons in the action brought by Madeley, Spurr & Co. against Munro & Ogilby, and had no knowledge of the existence of the judgment until supplementary proceedings were brought against him. The claim of $775 was settled by Ogilby's paying $270. He then brought suit against Munro, and, after proving the foregoing facts and the defendant having put in evidence his discharge in bankruptcy, the court below rendered judgment in favor of the defendant for $30 costs, from which judgment the plaintiff appeals.

The plaintiff's contention is that Ogilby's claim against Munro, based upon his agreement to pay the partnership debts and keep him (Ogilby) harmless, did not accrue until payment of the partnership debt to Madeley, Spurr & Co. was made in 1906, and that consequently Munro's discharge in bankruptcy prior to the time such payment was made was no defense to the action. Munro's petition was filed March 7, 1904. Judgment was entered against him March 11, 1904, and Ogilby paid the judgment in 1906. Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], provides that "a discharge in bankruptcy shall release a bankrupt from all his provable debts," etc.; that is, debts existing at the time the petition in bankruptcy was filed. If, then, upon March 7, 1904, Ogilby had a debt against Munro, provable under the bankruptcy act, Munro was discharged from that debt. It was held in the case of U. S. Nat. Bank v. Underwood, 2 App. Div. 342, 37 N. Y. Supp. 838:

"It is not disputed that where a firm is dissolved, and one of the partners takes the assets and assumes the liabilities, the other partner occupies thereafter the position of a surety, not only between the partners themselves, but as to all others who have had dealings with the firm to whom notice of the new contract has been brought."

By the dissolution of the partnership between Munro & Ogilby, Ogilby became in law, as well as by agreement, a surety for the partnership debts, and Munro was primarily liable therefor. Ogilby had no claim nor existing debt against Munro until failure on the part of Munro to pay the firm's debts and payment of such a debt by Ogilby by reason of such failure upon the part of Munro to pay. It follows,

therefore, that at the time Munro was pursuing his way through the bankruptcy court Ogilby had no "provable debt" against Munro. "Sureties, indorsers, etc., have no provable claim against the estate of the principal debtor until they have actually paid the debt, unless the creditor to whom they are liable fails to prove the debt, in which case the party so secondarily bound may make the proof." 16 Am. & Eng. Ency. of Law, 682. Madeley, Spurr & Co. had a debt against the former firm of Munro & Ogilby. This claim they proved in the bankruptcy proceedings taken by Munro. Ogilby had no rights at any stage of the bankruptcy proceedings, as at that time he had no claim against anybody interested in such proceedings. We are constrained to hold, therefore, that Munro's discharge in bankruptcy is no defense to the claim of the plaintiff, and the judgment must be reversed.

As there must be a new trial, it may be well to give our views upon another question that came before the trial court and which will undoubtedly arise upon the new trial. As before stated, Madeley, Spurr & Co. instituted supplementary proceedings against Ogilby upon their judgment obtained against Munro & Ogilby. Ogilby claims never to have known of the nonpayment of the debt due Madeley, Spurr & Co., or of their ever having obtained a judgment against Munro & Ogilby, until the supplementary proceedings were instituted against him. It seems that he then engaged counsel who took some steps in those proceedings, and for the services of counsel, in addition to the amount paid to settle the claim, the plaintiff claims a right to recover. In this he is in error. The plaintiff's claim against Munro arises from the breach of his agreement to pay the firm debts. That claim accrued at the time the plaintiff was compelled to pay any of such debts. When first served with the order for his examination in supplementary proceedings, he had notice of and had a right to assume that Munro was unable to pay the firm debt, and could then have paid the judgment without resort to the services of counsel. The claim of Madeley, Spurr & Co. was in judgment, presumably a legal, valid debt. Payment of such debt fixed Munro's liability to Ogilby, and it cannot reasonably be said that the employment of counsel by Ogilby in supplementary proceedings instituted against him by judgment creditors was contemplated by the parties when the agreement was made between them upon the dissolution of their partnership. For such services the plaintiff cannot recover.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.