# 142

## PHILLIPS v. MENDELSOHN.

HAROLD M. PHILLIPS, Respondent, v. HERMAN T. MENDEL-
SOHN, Defendant, and ALEXANDER SCHLANG, Appellant.

(Supreme Court, Appellate Term, March, 1910.)

Principal and surety — Rights and remedies of surety against creditor —
    Compelling creditor to exhaust remedies against principal.

> An attorney who has rendered services to a firm in assisting
> the copartners to effect a dissolution of the partnership and the
> making of an agreement by which one of the partners assumed
> the firm's debts is bound to recognize the partner assuming the
> firm's debts as primarily liable to pay him for such services and
> must exhaust his remedies for the collection of his compensation
> from such partner before proceeding against the other partner
> who occupies the position of a surety.
>
> WHITNEY, J., dissented.

APPEAL by the defendant Schlang from a judgment in
favor of the plaintiff, rendered in the Municipal Court of the
city of New York, fifth district, borough of Manhattan.

Julius Miller, for appellant.

Samuel W. Levine, for respondent.

SEABURY, J.    The plaintiff, an attorney, brings this action
to recover a balance alleged to be due him for professional
services.    Mendelsohn and Schlang were copartners, and the
services of the plaintiff were rendered in connection with
bringing about a dissolution of the copartnership.    The evi-
dence leaves no room to doubt that the plaintiff was em-
ployed by the firm of Mendelsohn & Schlang and that the
debt due the plaintiff was a liability of the partnership.

As a result of the services rendered, Mendelsohn and
Schlang entered into an agreement with one another, under
the terms of which it was agreed that the copartnership
should be dissolved and that Mendelsohn should assume all
the assets and liabilities of the former firm.

The learned court below has rendered judgment in favor

of the plaintiff against both defendants, and from the judgment so rendered the defendant Schlang appeals to this court.

Mendelsohn having become the sole owner of the partnership assets and having assumed the partnership liabilities, he was primarily liable for the debt due the plaintiff; and Schlang could not be proceeded against by a firm creditor who had notice of the facts, until the creditor had exhausted his remedy against Mendelsohn. That the plaintiff had notice of the arrangement between the defendants is, of course, evident from the fact that, as attorney for the partnership, he drew the papers which brought about the dissolution of the firm. Under these circumstances the defendant Schlang cannot be held *primarily* liable upon the debt of the partnership to the plaintiff. As a result of the dissolution agreement, Schlang occupied the position of a surety and not of an original debtor. This position he occupied, not only as to his former partner, but as to all who have had dealings with the firm who have notice of the new agreement. The application of this rule to the facts of this case does not release Schlang from liability for obligations which he incurred as a partner. It serves merely to place him in the position of a surety and compels partnership creditors who have been duly notified of this changed relation to respect it; and, in seeking to collect their claims, they must proceed with due regard to the changed relation which the agreement of the partners has brought about. The rule stated is not new, nor does it offend against any principle of justice. While it cannot be said to prevail in all jurisdictions, it is sustained by the great weight of authority in England and in this country. The rule was distinctly recognized in Savage v. Putnam, 32 N. Y. 501; Millerd v. Thorn, 56 id. 406; Morss v. Gleason, 64 id. 204; Colgrove v. Tallman, 67 id. 95; Grow v. Garlock, 97 id. 81; Palmer v. Purdy, 83 id. 144; U. S. Nat. Bank v. Underwood, 2 App. Div. 342; Reed & Barton v. Ashe, 18 id. 501; Morrisey v. Berman, 47 Misc. Rep. 586.

While the facts of all these cases are not identical with the case at bar, the principle here applied was distinctly recognized and asserted in all of them. The application of

the rule does not affect the rights of firm creditors to proceed against the old partners but requires merely that, in proceeding against them, they shall observe the relationship of principal and surety. Professor Burdick points out the distinction clearly. Thus, after stating that it is "universally agreed" that such an agreement cannot affect the rights of firm creditors to proceed against the old partners, he considers the question as to whether in so doing they shall be compelled to respect the relation of principal and surety which the partners have created.

In reference to this subject he says: "But the courts differ on the question whether the firm creditors who have notice of such agreement are bound thereafter to observe the relationship of principal and surety thus instituted between the continuing and retiring partners. The weight of authority both in England and in this country is in favor of compelling them to observe it." 30 Cyc. 612.

The same rule is declared in Brandt on Suretyship and Guaranty, section 46, where the authorities in other states are referred to. It matters not what form the relation may take or how it may arise. If the relation of principal and surety exists between the partners and the creditor has knowledge of the fact, he is compelled to respect it. This places the retiring partner in the position of a guarantor of collection, and thus no action can be brought against him until the creditor has exhausted his remedies against the continuing partner.

Although a contrary doctrine has been applied in some jurisdictions, yet the principle upon which the rule rests has been so clearly and repeatedly declared that we do not feel justified in departing from it.

It follows that the judgment against the defendant Schlang should be reversed and the complaint dismissed as to him. As the appellant may still be liable as surety, the dismissal of the complaint is not upon the merits.

Judgment reversed and complaint dismissed as against the defendant Schlang, without prejudice and with costs.

GUY, J., concurs.

WHITNEY, J. (dissenting). The only precedent for this decision is Morrisey v. Berman, 47 Misc. Rep. 586, decided by a divided court. The majority opinion in that case assumes that, " even in the case of a going partnership," a creditor must first follow the firm assets. This assumption I understand not only to be unfounded, but opposed to law long well settled. The preference of firm assets as a fund for the payment of firm debts belongs to equity, probate and bankruptcy procedure, that is, to cases where the firm is not being dealt with as a going concern. See Saunders v. Reilly, 105 N. Y. 12, 17. It is unknown to common law, whose judgments are liens, and which issues executions leviable upon firm and individual property alike. Lindley Part.., 299; Mechem Part., § 215; Prof. Burdick in 30 Cyc. 599; Saunders v. Reilly, *supra,* 21; Meech v. Allen, 17 N. Y. 300; Matter of Blackford, 35 App. Div. 330, 333. That the personal representative of the deceased partner was not joined with the survivor at common law was due to the fact that the former could not be sued at common law at all. Grant v. Shuster, 1 Wend. 148. The reference in the Morrisey opinion to Voorhis v. Childs, 17 N. Y. 354, seems to be to. *dicta* which were not concurred in by the court. pp. 356, 362.

The majority opinion in the Morrisey case seems to me also in error in assuming that, when two joint debtors hold *inter sese* the relation of principal and surety, and that fact is known to the creditor, they may not be joined as co-defendants. Whenever they are jointly obligated, I understand that principal and surety may be joined as defendants (Perkins v. Goodman, 21 Barb. 218; 1 Brandt Suretyship, § 155; Pars. Part., § 300; Pom. Rem., § 300); and when they are obligated by different instruments, unless the case is one of a guaranty of collection, that the surety may be sued first. Levy v. Cohen, 103 App. Div. 195, 197. Joint makers of a promissory note may be joined as defendants at common law, although one is known to be surety for the other; and, under a statute allowing parties severally liable thereon to be joined, no exception is recognized in such a

Supreme Court, Appellate Term, March, 1910. [Vol. 67.

case. Carman v. Plass, 23 N. Y. 286. In Hubbard v. Gurney, 64 N. Y. 457, where the surety claimed to have been discharged by indulgence to his co-maker, it seems never to have occurred, either to counsel or to court, that there had been a mistake made in joining them as co-defendants.

The general proposition that creditors of a dissolved firm "must proceed with due regard to the changed relation which the agreement of the parties brought about," I entirely concur in; but its application in the Morrisey case and in this case seems to me unreasonable and unfortunate. A man who lends money to two joint debtors does so in the eye of the law upon the faith of both of them. To permit them by arrangement between themselves to debar him from an action against both of them when the money comes due is to permit them to hinder, delay and often to defraud a creditor. If one of the two is insolvent, it is easy for him to take firm assets which may be of but nominal value and assume liabilities whose assumption by him is intended for no purpose but to give the solvent partner time. Then he can postpone payment by all the delays incident to legal procedure, while perhaps the collectibility of the money gradually disappears. Lord Lindley said that the rights of the creditor are not affected by such an arrangement. Lindley Part., 239, 240. Judge Story said that it "can in no respect be admitted to vary the rights of the existing creditors of the firm." Story Part., § 158. Mr. Parsons said that it "has no effect at all on creditors, unless they have become parties to it." Pars. Part., § 324. Professor Burdick says that this is "universally agreed." 30 Cyc. 612.

I find nothing to the contrary in the reports of this State, except the Morrisey case. Savage v. Putnam, 32 N. Y. 501, and Morss v. Gleason, 64 id. 204, were actions between partners, and the court undertook only to lay down law applicable to such actions. Millerd v. Thorn, 56 N. Y. 402; Colgrove v. Tallman, 67 id. 95, and Reed v. Ashe, 18 App. Div. 501, decided that, when partners as between themselves assumed the position of principal and surety and the creditor knew of it, he could not give extensions to the former without discharging the latter — a proposition which is generally

recognized, but radically different from the one here contended for. That proposition does not hinder and jeopardize the creditor, but urges him to diligence. It does not change his relation to the debtors by their sole act, but does so only by his own unreasonable conduct. In Grow v. Garlock, 97 N. Y. 81, a person who had succeeded to the rights of the creditor favored the principal to the disadvantage of the surety and thereby discharged the latter. In Palmer v. Purdy, 83 N. Y. 144, and United States National Bank v. Underwood, 2 App. Div. 342, the creditor's contention was sustained. It is true that by applying some of the language in the Colgrove case we may apparently reach a result that contravenes principle and authority; but so, often, by taking general language used by a court in support of a wise and just decision, and applying it to another case where the issues are different, we may glide smoothly to an unwise and unjust decision. I think that it is the issues decided in earlier cases, and not the generalities laid down in them, that are to be examined. The latter are always to be " read in the light of the facts of the case." Barney v. Rickard, 157 U. S. 352, 364. "A judicial opinion, like evidence, is only binding so far as it is relevant; and, when it wanders from the point at issue, it no longer has force as an official utterance. The failure to read the opinions of the courts with this fact in mind gives rise to much fruitless litigation." Colonial City T. Co. v. Kingston City R. R. Co., 154 N. Y. 493; Crane v. Bennett, 177 id. 106, 112; Knickerbocker Trust Co. v. Iselin, 109 App. Div. 688.

For these reasons I dissent from the opinion of the court.

Judgment reversed and complaint dismissed, **as against** defendant Schlang, with costs.