PHILLIPS v. MENDELSOHN et al.

(Supreme Court, Appellate Term.   March 21, 1910.)

PARTNERSHIP (§ 279*)—DISSOLUTION—PROCEEDINGS BY FIRM CREDITORS.

Where a partnership dissolves by agreement, by which one of the partners becomes owner of the partnership assets and assumes the partnership liabilities, the other partner becomes merely a surety as to firm debts, and a firm creditor, having notice of the change, must first proceed against the one taking over the assets.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 636, 637; Dec. Dig. § 279.*]

Whitney, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Harold N. Phillips against Herman T. Mendelsohn and another.  From a judgment for plaintiff, defendant Alexander Schlang appeals.  Reversed and dismissed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Julius Miller, for appellant.

Samuel W. Levine, for respondent.

SEABURY, J.   The plaintiff, an attorney, brings this action to recover a balance alleged to be due him for professional services.   Mendelsohn and Schlang were copartners, and the services of the plaintiff were rendered in connection with bringing about a dissolution of the copartnership.   The evidence leaves no room to doubt that the plaintiff was employed by the firm of Mendelsohn & Schlang, and that the debt due the plaintiff was a liability of the partnership.   As a result of the services rendered Mendelsohn and Schlang entered into an agreement with one another, under the terms of which it was agreed that the copartnership should be dissolved, and that Mendelsohn should assume all the assets and liabilities of the former firm.   The learned court below has rendered judgment in favor of the plaintiff against both defendants, and from the judgment so rendered the defendant Schlang appeals to this court.

Mendelsohn having become the sole owner of the partnership assets and having assumed the partnership liabilities, he was primarily liable for the debt due the plaintiff, and Schlang could not be proceeded against by a firm creditor, who had notice of the facts, until the creditor had exhausted his remedy against Mendelsohn.   That the plaintiff had notice of the arrangement between the defendants is, of course, evident from the fact that as attorney for the partnership he drew the papers which brought about the dissolution of the firm.   Under these circumstances the defendant Schlang cannot be held primarily liable upon the debt of the partnership to the plaintiff.   As a result of the dissolution agreement, Schlang occupied the position of a surety, and not of an original debtor.   This position he occupied, not only as to his former partner, but as to all who have had dealings with the firm who have notice of the new agreement.   The application of this rule to the facts of this case does not release Schlang from liability for obliga-

tions which he incurred as a partner. It serves merely to place him in the position of a surety, and compels partnership creditors who have been duly notified of this changed relation to respect it, and in seeking to collect their claims they must proceed with due regard to the changed relation which the agreement of the partners has brought about. The rule stated is not new, nor does it offend against any principle of justice. While it cannot be said to prevail in all jurisdictions, it is sustained by the great weight of authority in England and in this country. The rule was distinctly recognized in Savage v. Putnam, 32 N. Y. 501; Millerd v. Thorn, 56 N. Y. 406; Morss v. Gleason, 64 N. Y. 204; Colgrove v. Tallman, 67 N. Y. 95, 23 Am. Rep. 90; Grow v. Garlock, 97 N. Y. 81; Palmer v. Purdy, 83 N. Y. 144; U. S. Nat. Bank v. Underwood, 2 App. Div. 342, 37 N. Y. Supp. 838; Reed & Barton v. Ashe, 18 App. Div. 501, 46 N. Y. Supp. 126; Morrisey v. Berman, 47 Misc. Rep. 586, 94 N. Y. Supp. 596.

While the facts of all these cases are not identical with the case at bar, the principle here applied was distinctly recognized and asserted in all of them. The application of the rule does not affect the rights of firm creditors to proceed against the old partners, but requires merely that in proceeding against them they shall observe the relationship of principal and surety. Prof. Burdick points out the distinction clearly. Thus, after stating that it is "universally agreed" that such an agreement cannot affect the rights of firm creditors to proceed against the old partners, he considers the question as to whether in so doing they shall be compelled to respect the relation of principal and surety which the partners have created. In reference to this subject he says:

"But the courts differ on the question whether the firm creditors who have notice of such agreement are bound thereafter to observe the relationship of principal and surety thus instituted between the continuing and retiring partners. The weight of authority, both in England and in this country, is in favor of compelling them to observe it." 30 Cyc. 612.

The same rule is declared in Brandt on Suretyship and Guaranty, § 46, where the authorities in other states are referred to. It matters not what form the relation may take, or how it may arise. If the relation of principal and surety exists between the partners, and the creditor has knowledge of the fact, he is compelled to respect it. This places the retiring partner in the position of a guarantor of collection, and thus no action can be brought against him until the creditor has exhausted his remedies against the continuing partner. Although a contrary doctrine has been applied in some jurisdictions, yet the principle upon which the rule rests has been so clearly and repeatedly declared that we do not feel justified in departing from it.

It follows that the judgment against the defendant Schlang should be reversed, and the complaint dismissed as to him. As the appellant may still be liable as surety, the dismissal of the complaint is not upon the merits.

Judgment reversed, and complaint dismissed as against the defendant Schlang, without prejudice, and with costs.

GUY, J., concurs.

WHITNEY, J. (dissenting). The only precedent for this decision is Morrisey v. Berman, 47 Misc. Rep. 586, 94 N. Y. Supp. 596, decided by a divided court. The majority opinion in that case assumes that "even in the case of a going partnership" a creditor must first follow the firm assets. This assumption I understand not only to be unfounded, but opposed to law long well settled. The preference of firm assets as a fund for the payment of firm debts belongs to equity, probate, and bankruptcy procedure; that is, to cases where the firm is not being dealt with as a going concern. See Saunders v. Reilly, 105 N. Y. 12, 17, 12 N. E. 170, 59 Am. Rep. 472. It is unknown to common law, whose judgments are liens, and which issues executions leviable upon firm and individual property alike. Lindley on Partnership, 299; Mechem on Partnership, § 215; Prof. Burdick, in 30 Cyc. 599; Saunders v. Reilly, supra, 105 N. Y., at page 21, 12 N. E. 170, 59 Am. Rep. 472; Meech v. Allen, 17 N. Y. 300, 72 Am. Dec. 465; Matter of Blackford, 35 App. Div. 330, 333, 54 N. Y. Supp. 972. That the personal representative of the deceased partner was not joined with the survivor at common law was due to the fact that the former could not be sued at common law at all. Grant v. Shurter, 1 Wend. 148. The reference in the Morrisey opinion to Voorhis v. Childs, 17 N. Y. 354, seems to be to dicta which were not concurred in by the court (pages 356, 362).

The majority opinion in the Morrisey Case seems to me also in error in assuming that when two joint debtors held inter sese the relation of principal and surety, and that fact is known to the creditor, they may not be joined as codefendants. Whenever they are jointly obligated, I understand that principal and surety may be joined as defendants (Perkins v. Goodman, 21 Barb. 218; 1 Brandt, Suretyship, § 155; Parsons on Partnership, § 300; Pomeroy on Remedies, § 300); and when they are obligated by different instruments, unless the case is one of a guaranty of collection, that the surety may be sued first (Levy v. Cohen, 103 App. Div. 195, 197, 92 N. Y. Supp. 1074). Joint makers of a promissory note may be joined as defendants at common law, although one is known to be surety for the other; and under a statute allowing parties severally liable thereon to be joined no exception is recognized in such a case. Carman v. Plass, 23 N. Y. 286; In Hubbard v. Gurney, 64 N. Y. 457, where the surety claimed to have been discharged by indulgence to his co-maker, it seems never to have occurred to either to counsel or to court that there had been a mistake made in joining them as codefendants.

The general proposition that creditors of a dissolved firm "must proceed with due regard to the changed relation which the agreement of the parties brought about" I entirely concur in; but its application in the Morrisey Case and in this case seems to me unreasonable and unfortunate. A man who lends money to two joint debtors does so in the eye of the law upon the faith of both of them. To permit them by arrangement between themselves to debar him from an action against both of them when the money comes due is to permit them to hinder, delay, and often to defraud a creditor. If one of the two is insolvent, it is easy for him to take firm assets, which may be, of but nominal

value, and assume liabilities, whose assumption by him is intended for no purpose but to give the solvent partner time. Then he can postpone payment by all the delays incident to legal procedure, while perhaps the collectibility of the money gradually disappears. Lord Lindley said that the rights of the creditor are not affected by such an arrangement. Lindley on Partnership, 239, 240. Judge Story said that it "can in no respect be admitted to vary the rights of the existing creditors of the firm." Story on Partnership, § 158. Mr. Parsons said that it "has no effect at all on creditors, unless they have become parties to it." Parsons on Partnership, § 324. Prof. Burdick says that this is "universally agreed." 30 Cyc. 612.

I find nothing to the contrary in the reports of this state, except the Morrisey Case. Savage v. Putnam, 32 N. Y. 501, and Morss v. Gleason, 64 N. Y. 204, were actions between partners, and the court undertook only to lay down law applicable to such actions. Millerd v. Thorn, 56 N. Y. 402, Colgrove v. Tallman, 67 N. Y. 95, 23 Am. Rep. 90, and Reed v. Ashe, 18 App. Div. 501, 46 N. Y. Supp. 126, decided that when partners as between themselves assumed the position of principal and surety, and the creditor knew of it, he could not give extensions to the former without discharging the latter—a proposition which is generally recognized, but radically different from the one here contended for. That proposition does not hinder and jeopardize the creditor, but urges him to diligence. It does not change his relation to the debtors by their sole act, but does so only by his own unreasonable conduct. In Grow v. Garlock, 97 N. Y. 81, a person who had succeeded to the rights of the creditor favored the principal to the disadvantage of the surety, and thereby discharged the latter. In Palmer v. Purdy, 83 N. Y. 144, and United States National Bank v. Underwood, 2 App. Div. 342, 37 N. Y. Supp. 838, the creditor's contention was sustained. It is true that by applying some of the language in the Colgrove Case we may apparently reach a result that contravenes principle and authority; but so, often, by taking general language used by a court in support of a wise and just decision, and applying it to another case where the issues are different, we may glide smoothly to an unwise and unjust decision. I think that it is the issues decided in earlier cases, and not the generalities laid down in them, that are to be examined. The latter are always to be "read in the light of the facts of the case." Barney v. Rickard, 157 U. S. 352, 364, 15 Sup. Ct. 647, 39 L. Ed. 730. "A judicial opinion, like evidence, is only binding so far as it is relevant, and when it wanders from the point at issue it no longer has force as an official utterance. The failure to read the opinions of the courts with this fact in mind gives rise to much fruitless litigation." Colonial City Co. v. Kingston R. R. Co., 154 N. Y. 493, 48 N. E. 900; Crane v. Bennett, 177 N. Y. 106, 112, 69 N. E. 274, 101 Am. St. Rep. 722; Knickerbocker Trust Co. v. Iselin, 109 App. Div. 688, 96 N. Y. Supp. 588.

For these reasons, I dissent from the opinion of the court.