In the Matter of the Application of HENRY D. QUINBY, Individually and as Comptroller of the City of Rochester, et al., Appellants, for a Writ of Prohibition against THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK FOR THE SECOND DISTRICT et al., Respondents.

(Submitted September 29, 1919; decided October 21, 1919.)

MOTION for re-argument. (See 223 N. Y. 244.)

*Kernan & Kernan,* counsel for respondent New York State Railways, for motion.

*Ledyard P. Hale,* counsel for respondent Public Service Commission, Second District, for motion.

*Terence Farley,* counsel for Public Service Commission, First District, intervening, for motion.

*B. B. Cunningham*, counsel for appellants, opposed.

*Wm. P. Burr*, counsel for city of New York, intervening, in opposition.

*Per Curiam.* This case was decided eighteen months ago (223 N. Y. 244) by holding that the public service commission had not been given the power, on the application of the railroad, to regulate and increase rates of fare on street railroads when such rates were fixed as conditions to the consent of the local authorities to the operation of the road.

The distinction between a motion for a re-argument and the presentation of the same question *de novo* has often been pointed out. (*Fosdick* v. *Town of Hempstead*, 126 N. Y. 651; *Colonial City Traction Co.* v. *Kingston City R. R. Co.*, 154 N. Y. 493.) Nothing decisive of this case was overlooked. Motion for re-argument herein fails to produce any " clear and definite language " in the statutes which discloses the legislative intent to deal with the matter of rates so fixed by agreement with local authorities. The Constitution (Art. III, sec. 18) prohibits the legislature to pass any law to " authorize the construction or operation of a street railroad " except upon the consent of the local authorities first obtained and thus to some extent curtails legislative power over the operation of street railroads. We held that it did not fairly appear and it would not be assumed that the legislature had authorized the public service commission to nullify the conditions attached to such consents by increasing rates without the consent of the local authorities. The court declined to determine the limits of legislative power in this connection and nothing which was said on that point as to the construction of article III, section 18, was essential to the decision. The motion should be denied, with ten dollars costs.

It is urged that certain rates in the city of Rochester are fixed solely by statute (L. 1915, ch. 359, § 7) and that the writ herein prohibits the public service commission from entertaining a proceeding to regulate such rates. The opinion, read with the writ, indicates that the

purpose of the decision is to limit the effect of the writ to rates fixed by consent of the local authorities.

The motion to amend the remittitur should, therefore, be denied, without costs.

All concur.

Motion denied.