### PHILLIPS v. SCHLANG et al.

(Supreme Court, Appellate Division, First Department July 7, 1910.)

PARTNERSHIP (§ 279*)—DISSOLUTION—ACTION BY FIRM CREDITORS.

    Where a partnership is dissolved by an agreement in which the continuing partner assumes all the firm's liabilities, creditors, though with notice of the dissolution and agreement, are not bound to pursue the continuing partner and firm assets before suing the outgoing partner, but may join both partners as defendants in an action on the debt, though the outgoing partner is a mere guarantor.

    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 636, 637; Dec. Dig. § 279.*]

Appeal from Appellate Term.

Action by Harold M. Phillips against Herman T. Mendelsohn and another. From a judgment for plaintiff, defendant Alexander Schlang appealed to the Appellate Term, where the judgment was reversed, and the action dismissed (67 Misc. Rep. 142, 121 N. Y. Supp. 913), from which plaintiff appeals. Determination of Appellate Term reversed, and judgment of Municipal Court affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Benjamin Jaffe, for appellant.
Julius Miller, for respondent.

PER CURIAM. Determination reversed, and judgment of Municipal Court affirmed, with costs in this court and in the Appellate Term, on the dissenting opinion of Whitney, J., at the Appellate Term.

SCOTT, J. (concurring). Since I wrote the prevailing opinion for the Appellate Term in Morrisey v. Berman, 47 Misc. Rep. 586, 94 N. Y. Supp. 596, I have taken occasion to re-examine and reconsider the question therein passed upon, and find myself compelled to revise the conclusion at which I then arrived. While it is undoubtedly true, as stated in United States Nat. Bank v. Underwood, 2 App. Div. 342, 37 N. Y. Supp. 838, that "when a partnership is dissolved and one partner takes the partnership property and assumes and agrees to pay the partnership debts, he becomes the principal debtor as to creditors, while the other partner occupies the relation of a surety, not only as

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

between the partners themselves, but as to all others who have had dealings with the firm to whom notice of the new arrangement has been given," yet, as pointed out by Mr. Justice Whitney, a principal debtor and a guarantor may be joined as defendants in the same action, unless the guaranty is of collection, which clearly the guaranty of a retiring partner is not. I am now convinced that in Morrisey v. Berman we pushed the consequences of the changed relations of the partners too far, and for that reason I concur in the reversal of the present determination.