BURFEIND v. PEOPLE'S SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. CONTRACTS (§ 305*)—WAIVER.

A person for whom work was being done by a contractor under bond could waive a provision of the contractor's contract as to time, without consent of the surety; the waiver binding such person whatever its effect might be on the surety.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 305.*]

2. PRINCIPAL AND SURETY (§§ 104, 126*)—DISCHARGE OF SURETY—CHANGE OF OBLIGATION.

If an obligee by a binding agreement without the assent of a surety gives further time for performance of a contract to the principal, the surety will be discharged, but mere delay in proceeding to enforce a liability will not discharge a surety, at least in the absence of notice to the creditor to take legal proceedings to enforce the liability, and even an agreement to extend time which is one in form must be valid and enforceable to produce such result.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 186–190, 193–195, 197–199, 200, 329–351; Dec. Dig. §§ 104, 126.*]

Appeal from Trial Term, Kings County.

Action by William Burfeind against the People's Surety Company of New York. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

F. Sidney Williams; for appellant.
Ernst G. Stevens, for respondent.

BURR, J.  On May 23, 1907, the Hudson River Concrete Company, plaintiff's assignor, and one Seligman, entered into a contract which related to filling, regulating, and grading East Twenty-Sixth street, between Avenue D. and Clarendon road, and to the laying of concrete sidewalk and curb.  Concurrently therewith a bond was executed by Seligman as principal, and defendant as surety, for the faithful performance of the conditions and covenants of said contract on Seligman's part.  This action is brought upon said bond. The contract provided that a portion of the work should be completed within 20 working days from the date of the contract, and that it should all be completed within a reasonable time, not later than July 15, 1907.  The complaint alleges full performance of the contract on the part of the concrete company, except that completion of the work was delayed until August 14th by the fault of said Seligman. Defendant pleads a general denial, with no affirmative defenses.

There is abundant evidence that the work was properly done, so far as the character and quality of it were concerned.  The city inspector, called as a witness for defendant, so testified.  His only objection to it was that the concreting was to be placed upon new fill, and under such circumstances there would be some sinking and cracking.  But the putting of concrete on this new fill was the very thing that the parties to the contract agreed should be done.  The portion of the work that was to be done within 20 days was substantially completed on June 26th, and the entire contract was substantially completed on August 7th, although there was some little work that was not done until August 14th.  There is also abundant evidence that the delay in the prosecution of the work was due to the act of Seligman in obstructing the street, and also because, in the first instance, the city inspector refused to allow either of the parties to the contract to do that which they had agreed to do, viz., put concrete sidewalk and curb upon a new fill.  There is also uncontradicted evidence of some delay on the part of the carriers in delivering gravel, which was, within the terms of the contract, to be furnished by Seligman.  The jury were justified in finding that the plaintiff was in no wise responsible for this delay, but the fault, so far as it was a fault, was that of Seligman or his employés.

The only exceptions in the case which require consideration relate to the charge.  In the main charge the court said:

"He [referring to the concrete company] must satisfy you by evidence that he complied faithfully with every requirement of the contract except as to time, and as to that he had to do it in time unless he satisfies you that was waived by Seligman, or that the performance in time was interfered with by Seligman."

At the close of the charge defendant's counsel asked the court to charge:

"That in order for the plaintiff to excuse any delay he must first prove that it was caused by acts of the defendant or could have been prevented by the defendant.  The Court: I so charge.  Upon that branch of the case there

is another position taken by the plaintiff, that Seligman, the person with whom he contracted, by accepting the work waived the provision as to time. Defendant's Counsel:  I except."

It is not entirely clear what counsel for the defendant intended to except to in the court's response to his request to charge.  But the defendant's counsel subsequently said:

"I except to that portion of your charge in which you stated that the jury may find a waiver of the right of the obligation to perform at a certain time by the acceptance of the work by Seligman—unless they also find that the People's Surety Company agreed to allow Seligman to waive it.  The Court:  I decline to charge that.  Defendant's Counsel:  I except."

The previous statement of counsel was not in the nature of a request to charge, and it did not accurately state what the court had said in its main charge.  If, however, it be considered as a request to charge, and a declination by the court, the request was inaccurate. Seligman might either waive performance of the contract or alter the provisions of it without the consent of the surety company, and that would be binding upon him whatever the effect might be upon defendant.  The court then, at the request of defendant's counsel, expressly charged the jury that if any material change in the contract was made between Seligman and the Hudson Concrete Company, defendant was released unless it consented to such change, and with that charge defendant seemed content.  Finally defendant's counsel asked the court to charge that Seligman had no power to bind the People's Surety Company or create any liability on the part of the People's Surety Company by waiving performance of any obligations on the part of the Hudson River Company, and the court declined to charge other than it had charged, and defendant's counsel took an exception.  Again, the request was inaccurate in form because it should have included the words "without the consent of the said surety company."  But taking the language of the request and refusal in its broadest form, we think that no error was committed.  There is no evidence in the case on the part of either plaintiff or defendant of an express waiver by Seligman of any breach of contract on the part of the concrete company.  The most that can be claimed with regard to this is that there was silent acquiescence on the part of Seligman in the performance of the contract by said company for a few days subsequent to the date in which, if it had not been interfered with, the contract should have been performed.  It is true that if an obligee by a valid and binding agreement, without the assent of a surety, gives further time for performance of a contract to the principal, the surety will be discharged.  32 Cyc. 191.  Mere delay in proceeding to enforce a liability will not discharge a surety, at least in the absence of notice to the creditor to take legal proceedings to enforce the same.  (Howe Machine Co. v. Farrington, 82 N. Y. 121; McKecknie v. Ward, 58 N. Y. 541, 17 Am. Rep. 281); and even an agreement which is one in form must be valid and enforceable to produce such a result.  Lowman v. Yates, 37 N. Y. 601; Thayer v. King, 31 Hun, 437; Olmstead v. Latimer, 158 N. Y. 313, 53 N. E. 5, 43 L. R. A. 685; Michigan Steamship Co. v. Am. Bonding Co.,

104 App. Div. 347, 93 N. Y. Supp. 805. In the latter case the charter party required plaintiff, the owner, to convert a vessel into a tank steamer by March 12, 1903. At the request of the charterer plaintiff delayed the alteration of the steamer beyond that date. In an action against the surety of the charterer, the complaint alleged this fact, showing mere acquiescence, but no valid agreement extending the time. The answer set up as a defense the execution of a valid and binding agreement to postpone both the date when the charter party should begin and the date when the alteration of the steamer should be completed. Upon a demurrer to these defenses the validity of the complaint was considered, and the court held that the complaint stated a good cause of action, since the facts therein alleged did not constitute an alteration of the contract; but also held that the answer setting up a valid and binding agreement to postpone, constituted a good defense. This case clearly points out the distinction between mere acquiescence in delay and an agreement to postpone. Neither is there in this case any evidence sufficient to constitute an estoppel against the plaintiff. Gibson Electric Co. v. Liverpool & L. & G. Ins. Co., 159 N. Y., on page 426, 54 N. E. 23. In that case, which was an action on a policy of insurance, it was held that to constitute an estoppel the insured must have been misled by some act of the insurer, or the latter, after knowledge of the breach, must have done something which could only be done by virtue of the policy, or have required something of the assured which he was bound to do only under a valid policy, or have exercised a right which it had only by virtue of such policy.

In this case the position of defendant as surety was not in the slightest degree prejudiced by the delay, for, according to the testimony of Seligman, who was called as a witness in its behalf, he was entirely solvent for several months after the completion of the contract by the concrete company, and the acceptance of the work by him. We think in this case the court should not be eager to find a reason for reversing this judgment, and that substantial justice was done.

The judgment and order appealed from should be affirmed, with costs. All concur.