delivery, for the purpose of giving credit with the payee; the successive indorsements in blank and delivery of the note for value and before maturity by John J. Carroll, Thompson W. Miller, the respondent, and John Schorling, respectively; that before maturity and for value the note came into the possession of Marcus Badt; that at maturity the note was presented at the place designated therein; that payment was demanded and refused, whereupon the note was duly protested for nonpayment, due notice thereof given to the defendants Marguerita T. Meyer, Fred C. Meyer, John J. Carroll, Thompson W. Miller, and John Schorling; and that before the commencement of the action the cause of action for a lawful consideration was duly assigned by the said Marcus Badt to the plaintiff.

No opinion was written by the learned justice at Special Term, and the respondent neither by oral argument nor by written brief attempted to support the order on this appeal. It is stated in the brief of the appellant that the only point urged by the respondent at the Special Term was that the complaint was bad for the failure to allege notice of presentment, dishonor, and protest to the maker; but, of course, that is not required even to charge the maker, let alone an indorser to whom due notice was given. We think the complaint states a cause of action.

The order should therefore be reversed, with $10 costs and disbursements, and the plaintiff's motion for judgment and upon the pleadings granted, with $10 costs. All concur.

---

### MUTUAL LIFE INS. CO. OF NEW YORK v. POLHEMUS et al.

(Supreme Court, Appellate Term.   May 9, 1912.).

1. PARTNERSHIP (§ 279*)—DISSOLUTION—LIABILITY OF PARTNERS.

Where a partner retires from a firm, in the absence of evidence of the terms of the dissolution and of the assumption of the firm obligations by the continuing partner, and of notice thereof brought to the knowledge of the creditors of the firm, the retiring partner is not relieved of his liability as principal debtor on a lease of the firm, and does not acquire the relationship of surety.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 636, 637; Dec. Dig. § 279.*]

2. EVIDENCE (§ 471*)—OPINION EVIDENCE—CONCLUSION OF WITNESS.

The testimony of a retiring partner that the continuing partner assumed obligations under a lease with the firm was objectionable as a conclusion, and was insufficient to relieve the retiring partner from his obligations under the lease.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

Appeal from City Court of New York, Trial Term.

Action by the Mutual Life Insurance Company of New York against David D. S. Polhemus and another, composing the firm of Polhemus Bros. From a judgment for defendant J. Arthur Polhemus, plaintiff appeals. Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued April term, 1912, before SEABURY, GUY, and GE-RARD, JJ.

Frederick L. Allen, of New York City (Charles L. Griffin, of New York City, of counsel), for appellant.

Neuman & Newgass, of New York City (Frederick F. Neuman and Walter S. Doernberg, both of New York City, of counsel), for respondent J. Arthur Polhemus.

GUY, J.   Plaintiff appeals from a judgment in favor of the defendant respondent in an action brought to recover the rent of certain premises from August, 1909, to May, 1910, under a written lease made between plaintiff and defendants for a term beginning January 25, 1908, and expiring May 1, 1911.

At the time of the making of the lease, the defendants constituted the firm of Polhemus Bros.   The defendant David D. S. Polhemus defaulted herein, and the defendant respondent interposed an answer, admitting the making of the lease by the firm of Polhemus Bros., and the nonpayment by defendant respondent of the rent sued for, but setting up as an affirmative defense that on October 31, 1908, the firm of Polhemus Bros. was dissolved, and all the liabilities of the firm assumed by the continuing partner, David D. S. Polhemus, and that notice of such dissolution and of the assumption of the firm liabilities by David D. S. Polhemus, including all liability under the lease herein, was given to plaintiff by defendant respondent on or about the 30th day of November, 1908; also that plaintiff agreed with the defendant David D. S. Polhemus, for a valuable consideration, to forbear and extend the time of payment of the rent sued for from the respective dates of the maturity of said rent until shortly before the commencement of this action, without the knowledge and assent of this defendant respondent; that plaintiff never gave this defendant any notice of said agreement, and has never made any demand on this defendant respondent for the payment of said rent, except by the commencement of this action; that at the several times when the said rent became due the defendant David D. S. Polhemus was solvent, and it might have been collected from him, if the plaintiff had endeavored to make such collection, but the plaintiff unreasonably and improperly neglected so to do; that David D. S. Polhemus is now insolvent.

As a further separate answer, defendant alleges that plaintiff, at some time prior to the 1st day of August, 1909, accepted the defendant David D. S. Polhemus individually as a tenant in lieu of the defendant respondent, and thereby discharged this defendant respondent from further liability under the lease; also that at some time after the 1st day of December, 1908, the defendant David D. S. Polhemus, with the knowledge, consent, or acquiescence of the plaintiff, but without the knowledge, consent, or acquiescence of this defendant respondent, sublet or assigned a part of the premises mentioned in the complaint to a tenant that has been since, and still is, in occupation of that portion of the premises.

The court charged the jury as follows:

"The law is incontrovertible and irrefutable that a partner, retiring from a firm and turning over the assets of the partnership to the continuing part-

ner, stands in a relation in reference to the obligations of the partnership, not only as a surety for those obligations, or in other words as a guarantor of those obligations, as between himself and his partner, but also as to all third parties, providing that, in order to make the situation as a surety binding on third parties, he must show by a preponderance of the credible testimony that such third parties knew the nature of the dissolution, namely that the one partner continuing the business had received and obtained all the assets and claims of their partnership, and in consequence had assumed all the obligations and liabilities of the firm. If such knowledge is brought home to third parties dealing with the partnership, then such third parties must respect the change of relationship from coprincipal on the part of the retiring partner to surety for the obligations of the partnership from that time on."

[1, 2] While the learned court correctly stated the law on this subject, so far, at least, as concerned obligations thereafter incurred in the name of the copartnership, it erred in submitting this question to the jury, for the reason that there was no evidence introduced from which the jury could determine the terms of the dissolution of copartnership, or could find that the obligations of the firm were assumed by the defendant David D. S. Polhmeus; and the finding of the jury in favor of this defendant respondent on that point is unsupported by competent evidence. The testimony of the defendant respondent, admitted under objection and exception by plaintiff's counsel, that David D. S. Polhemus assumed the obligations under the lease, was improperly admitted, was at best but a conclusion of the witness, and insufficient to relieve this defendant respondent of his obligations under the lease. On the evidence adduced, plaintiff would have been entitled to the direction of a verdict against this defendant respondent, had a motion for such a direction been made. The verdict in favor of the defendant must be set aside as against the evidence.

The judgment is therefore reversed, and a new trial ordered, with costs to appellant to abide the event.

GERARD, J., concurs. SEABURY, J., concurs in the result, on the authority of Phillips v. Schlang, 139 App. Div. 930, 124 N. Y. Supp. 40.