(79 Misc. Rep. 160.)

MULCAHY & GIBSON, Inc., v. PACIFIC COAST CASUALTY CO.

(City Court of New York, Trial Term. January, 1913.)

1. INDEMNITY (§ 15*)—ACTIONS—CONTRACT LIMITATIONS.

Where an undertaking by defendant guaranteeing the performance by a third person of a contract with plaintiff for work, provides that any suits or proceedings against the surety must be instituted within six months after the first breach of the contract, and in no event shall any proceeding be brought against the surety after six months from the completion of the work, the completion of the work means its completion by the principal and not by one undertaking the work on his behalf or for his account after his default.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 36–47; Dec. Dig. § 15.*]

2. INDEMNITY (§ 15*)—ACTIONS—CONTRACT LIMITATIONS.

Where on failure of a contractor to perform his contract, plaintiff was compelled to complete it at a sum in excess of the agreed price, and a guarantee of performance by the contractor provided that no proceeding should be commenced against the surety more than six months after default, a complaint after the six months period alleging that the reason the action was not commenced within such period was that plaintiff was unable to ascertain its damages, cannot be sustained.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 36–47; Dec. Dig. § 15.*]

3. INDEMNITY (§ 15*)—ACTION—PARTIES.

In an action against a surety of performance of a contract of work by the contractor, the fact that the contractor was in bankruptcy, did not relieve plaintiff from making the receiver of the bankrupt's estate a party defendant.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 36–47; Dec. Dig. § 15.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Mulcahy & Gibson, Incorporated, against the Pacific Coast Casualty Company on a bond or undertaking guaranteeing the performance of a contract for work. Judgment for defendant.

W. W. Corlett, of New York City, for plaintiff.
Tuttle & Coughlan, of New York City, for defendant.

GREEN, J. This action is brought by the plaintiff against the defendant upon a bond or undertaking given by the defendant, a surety company, to the plaintiff, and which guaranteed the performance by the Bagge-Stillman Company of a certain contract for doing certain work made by it with the plaintiff. The Bagge-Stillman Company failed to complete its contract. Plaintiff was compelled to complete the contract, and expended in its completion the sum of $1,748.20 in excess of the amount agreed upon by the Bagge-Stillman Company to do the work. If in this case plaintiff is entitled to recover, it is conceded that plaintiff should have judgment for the full amount claimed, with interest to date and costs. The defense interposed herein is that the plaintiff has failed to bring this action within the period limited by the provisions of the bond or undertaking; that plaintiff has failed to join with the defendant the principal who executed the original contract for which defendant guaranteed performance; and that as by the terms of the undertaking these provisions were made conditions precedent to the right of recovery plaintiff is not entitled to judgment. The plaintiff in avoidance of these defenses has sought in its complaint to excuse the nonperformance of these conditions of the bond by alleging that the reason the action was not commenced within the period provided by the bond was because it was unable within the period designated to ascertain its damage, and that the reason the principal was not made a party defendant as therein also provided was because the principal was in bankruptcy.

As dates are material in this case for the proper determination of the rights of the parties, as well as a clear understanding of their respective contentions, they may be stated to be as follows, and about which there is no dispute: The contract for the work which was executed between the plaintiff and the Bagge-Stillman Company was made August 24, 1911. The undertaking upon which this suit is brought was executed by the defendant October 5, 1911, and this guaranteed the performance of the work to be done under the contract dated August 24, 1911. On November 28, 1911, the receiver in bankruptcy of the Bagge-Stillman Company was appointed. On December 1, 1911, plaintiff gave three days' notice under the contract to the Bagge-Stillman Company to complete the work, and about the same day gave notice to the receiver in bankruptcy to the same effect. On November 29, 1911, plaintiff notified defendant of the principal's default, and on December 8, 1911, notified defendant that, having given notice to both, they would complete the work, and proceeded so to do. On June 21, 1912, the work was entirely completed and this action was brought against the defendant on August 28, 1912. The time limit contained in the undertaking within which plaintiff might bring an action was six months after the first breach of the contract, and in no event after the expiration of six months from the date of the completion of the

work under said contract; and the question thus presented is: Did plaintiff have until six months after the work was completed by plaintiff within which to bring its action, and did the bankruptcy of the principal excuse the plaintiff from making such principal or the receiver a party to the action, as required by the undertaking given by the defendant? The provisions of the undertaking material to the questions before the court are important, and they are as follows:

"Notwithstanding that said contract is hereby referred to, this bond is nevertheless issued subject to the following express conditions, which shall be conditions precedent to the right of the obligee to recover hereunder: * * * Nine. Any suits at law or proceedings in equity brought or to be brought against the surety to recover any claim hereunder must be instituted within six (6) months after the first breach of said contract, and in no event shall any action or proceeding be brought against the surety hereunder after the expiration of six (6) months from the date of the completion of the work under said contract, and the principal shall be made a party to any suit or action and be served with process commencing the same, if the principal can with reasonable diligence be found, and no judgment shall be rendered against the surety in excess of the penalty hereof. None of the conditions or provisions contained in this instrument shall be deemed waived by the surety unless the written consent to such waiver be duly executed by its president or vice-president and its seal be thereto affixed and duly attested."

[1] It is thus evident that, if these provisions require that the action be brought within six months after the first breach of the contract, the plaintiff cannot recover, for the first breach arose about December 1, 1911, and this action was not commenced until August 28, 1912, more than six months thereafter. If, however, the provision of the undertaking permits an action to be brought within six months after the completion of the contract by plaintiff, then plaintiff may recover, for the work was completed June 1, 1912, and the action was brought August 28, 1912; provided, however, that the bankruptcy of the principal obviated the necessity of making it a party to this action notwithstanding the tenor of the bond given by the defendant. This is substantially the third trial of the questions herein involved. At the first trial a motion to dismiss was made and a mistrial for some reason was ordered. Thereafter a motion for judgment upon the pleadings was made by the defendant and denied, and is now on appeal. The third trial upon substantially the same questions is now before the court, submitted, however, to the court without a jury upon both the law and the facts. The provisions hereinbefore referred to were made conditions precedent to plaintiff's right of action or recovery, and no argument is necessary to establish the proposition that they were reasonable, operative, and binding upon the parties thereto. The undertaking provides, as hereinbefore set forth, that:

"Any suits at law or proceedings in equity brought or to be brought against the surety to recover any claim hereunder must be instituted within six months after the first breach of the said contract, and in no event shall any action or proceeding be brought against the surety hereunder after the expiration of six months from the date of the completion of the work under said contract."

The plaintiff insists that this clause should be interpreted to mean:

"If the principal defaulted on his contract under ordinary circumstances, suit against his surety must be brought within six months after such default, and if the holder of the bond after the default completed the work, in that event suit must be brought within six months after completion of the work."

The defendant, on the other hand, contends that this clause has no application to a case like the one at bar, and that:

"It applies to a case where after the contract has been finished the obligee discovers that the contract was not properly performed, and in such a case no recovery can be had unless the action is brought within six months after completion, so that if the obligee did not discover until after six months after completion that the contract was not properly performed it cannot recover."

I am of the opinion that as to the proper interpretation of the language of the bond the view of counsel for the defendant is correct, and consequently the clause of the bond or undertaking which inhibits the bringing of an action after six months from the completion of the work refers to a completion of the work by the principal, and not by one undertaking the work on his behalf or for his account after his default. There remains, then, the provision requiring the action to be brought within six months after the first breach of the contract, and it is conceded that the action was not brought within that period, and therefore there arises the question of the sufficiency in law of the excuse presented for the delay.

[2] The plaintiff claims that it was unable to ascertain the amount of the damage within the time mentioned. The measure of damage in a case of this character is not the cost of doing the work, while that may be some evidence of damage, but is the difference between the contract price and the reasonable cost of doing the work. New York City v. Second Ave. R. R. Co., 102 N. Y. 572, 7 N. E. 905; Gorham Co. v. United E. & C. Co., 202 N. Y. 342, 95 N. E. 805; Nat. Cont. Co. v. Hudson River W. P. Co., 118 App. Div. 665, 103 N. Y. Supp. 641. I am of the opinion that, when the principal defaulted on its contract and first breached the same, it was the duty of the plaintiff to have brought the action within six months thereafter. It could not permit the period agreed upon as a limitation and condition precedent to pass and then sue to enforce its claim. Plaintiff was not required to bring its action for the actual cost of doing the work. It could have arbitrarily sued for a sum equal to the reasonable cost of its completion, and the action should have been brought within six months after the first breach. These parties constructed between themselves a statute of limitation, and this is just as binding as the statute provided by law. An instance may be cited to show the analogy. Suppose, on a written contract of hiring for ten years not under seal, the employé was discharged after two years, and there remained eight years of the term unexpired, it is evident if the employé waited for the eight years to expire before he brought the action for breach of contract that he would be barred by the statute of limitations, because the statute provides that the action must be brought within six years after the cause of action accrued, and it accrued when the first breach was committed. It may be true, as in the case at bar, that he could not state the exact amount of his damage until after the expiration of the ten years, but the law forbids him to wait, under pen-

alty of forfeiting his entire cause of action.  In addition to this, I am. not at all satisfied that plaintiff was unable to ascertain its damage, as claimed, within the six months allowed by the undertaking.  The condition of the undertaking was not impossible of performance; and. while it has been held that where conditions of a contract have become impossible of performance, that performance is excused.  Wilcox v. Equitable Life Assur. Soc., 173 N. Y. 50, 65 N. E. 857, 93 Am. St. Rep. 579; Cohen v. New York Mut. Life, 50 N. Y. 610, 10 Am. Rep.. 522; Semmes v. Hartford Ins. Co., 13 Wall. 158, 162, 20 L. Ed. 490. It has also been held that:

"While, as a general rule, where the performance of a duty created by law is prevented by inevitable accident, without the fault of a party, the default will be excused, yet, when a person by express contract engages absolutely to do an act not impossible or unlawful at the time, neither inevitable acci-. dent nor other unforeseen contingency not within his control will excuse him, for the reason that he might have provided against them by his contract." Whiteside v. North American Acc. Ins. Co., 200 N. Y. 320, 93 N. E. 948, 35 L. R. A. (N. S.) 696.

It was not impossible for plaintiff to have ascertained its damage or commenced its action within six months, as provided by the undertaking, and whether considered as a condition precedent or as a limitation, being duly alleged as defense, plaintiff cannot recover.  Hoye v.. Penn. R. R. Co., 191 N. Y. 101, 83 N. E. 586, 17 L. R. A. (N. S.) 641,. 14 Ann. Cas. 414.

[3] As to the nonjoinder of the principal with the surety upon the ground that the principal has become bankrupt, I am of the opinion that that is not sufficient excuse in law to have relieved the plaintiff from making the receiver of the bankrupt's estate a party.  It is well-settled law that a principal and surety may be joined as defendants in. the same action, unless the guaranty is one of collection.  Phillips v. Schlang, 139 App. Div. 930, 124 N. Y. Supp. 40.  The defendant had. a right, in order to avoid circuity of action or multiplicity of suits, to demand as a condition precedent in the undertaking that the principal be made a party defendant, and this has not been done in this action. While it appears that the principal is a bankrupt there is nothing before the court to show the extent of the bankrupt's estate, which, however,. would be immaterial, and it may well be that it may have some value and might return some dividend to its creditors, unless this court can be asked to take judicial notice of the fact that bankrupt estates yield nothing but forlorn hopes.  The plaintiff, however, contends that the defendant, having failed to take advantage of the failure to join the principal by demurrer, is precluded from asserting that as a defense, even though it has been set forth as a defense by the defendant in the answer.  I find it unnecessary to decide this point.  The conclusion at which I have arrived obviates the necessity of disposing of this case upon a question of practice.  A consideration of all the facts in this case justifies, in my opinion, the conclusion that, in failing to bring the action within six months after the first breach of the contract on the part of the principal, plaintiff cannot maintain this action against the defendant, and I therefore award judgment to the defendant, and let the same be entered accordingly.

Judgment accordingly.