CALUMET AND HECLA MINING COMPANY, Appellant, *v.* EQUITABLE TRUST COMPANY and Others, Defendants, Impleaded with ACME STEAMSHIP COMPANY, Respondent.

First Department, February 7, 1919.

**Partnership — action cannot be brought against partnership as entity — trade name of partnership stricken out as party defendant — demurrer.**

Where defendants as partners are doing business under a trade name, said name cannot be used to bring in the partnership as an additional codefendant in an action, and, the facts appearing at trial, the court on its own motion should have stricken out the name of said defendant under the authority conferred by section 723 of the Code of Civil Procedure, although no motion to that effect was made.

The copartnership sued as an entity under its trade name had no standing to interpose a demurrer.

While a copartnership may not be sued as an entity that objection is not available by a demurrer for insufficiency.

APPEAL by the plaintiff, Calumet and Hecla Mining Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of August, 1918, denying its motion to overrule the demurrer of the defendant Acme Steamship Company, and sustaining said demurrer on the counter motion of the respondent.

*Lawrence E. Brown* of counsel [*Bullowa & Bullowa,* attorneys], for the appellant.

*Alexander S. Bacon* of counsel [*Charles Podsenick,* attorney], for the respondent.

LAUGHLIN, J.:

We are of opinion that the Acme Steamship Company was improperly joined as a party defendant and had no standing to interpose a demurrer and that the court on the hearing should have stricken it out as a party defendant, pursuant to the authority conferred by section 723 of the Code of Civil Procedure, although no motion to that effect was made.

The action is to recover as for money had and received the sum of $57,020.48, together with interest thereon, being the amount of a check alleged to have been delivered by the plaintiff to the defendant the Equitable Trust Company and collected by said company for the freight on copper delivered to the defendants Bartholomew L. Stafford and Robert E. Miller who it is alleged were doing business under the name of the Acme Steamship Company and for the shipment of which to Genoa, Italy, it is alleged bills of lading were delivered to the plaintiff. The theory on which the plaintiff claims to be entitled to recover the money is that the copper was not shipped on the particular steamer upon which it was agreed that it would be shipped or on a subsequent steamer in accordance with the contract of affreightment. The only legitimate inference from the allegations of the complaint is that respondent is merely a trade name under which the defendants Bartholomew L. Stafford and Robert E. Miller were doing business. Doubtless if the respondent had been sued on the theory that it was a corporation or a joint stock association and service had been made on one of the copartners, the court could have allowed an amendment substituting the copartners (*DeWitt* v. *Abraham Bros. Horse & Mule Co.*, 170 App. Div. 610; *Boyd* v. *U. S. Mortgage & Trust Co.*, 187 N. Y. 262); and while a copartnership may not be sued as an entity that objection is not available by a demurrer for insufficiency (*Bannerman* v. *Quackenbush*, 11 Daly, 529; approved in *DeWitt* v. *Abraham Bros. Horse & Mule Co.*, *supra;* *Messler* v. *Schwarzkopf & Dorer*, 35 Misc. Rep. 72, 73), but here the copartners were made defendants and there was no occasion for attempting to sue them in the trade name under which they were doing business, and under which they could neither sue nor be sued. Although the appellant does not appear to have requested that the trade name be stricken out, the facts being uncontro-

verted, we are of opinion that the court should have stricken it out.

The order should, therefore, be reversed, but without costs, and both motions denied, without costs, and the name Acme Steamship Company stricken from the title of the cause, without costs.

CLARKE, P. J., PAGE, SHEARN and MERRELL, JJ., concurred.

Order reversed, without costs, motions denied, without costs, and the name " Acme Steamship Company " stricken from title of the cause.