ADVANCE RUBBER COMPANY, Appellant, *v.* LEONARD BERSHAD and Another, Trading as the LAFAYETTE AUTO SUPPLY COMPANY, Respondents.

Supreme Court, Appellate Term, Second Department, April 24, 1925.

Partnership — action against copartnership for goods sold and delivered — retirement of partner, in absence of proof, pursuant to Partnership Law of 1919, § 67, subd. 3, does not discharge retiring partner — failure to sue not material alteration in nature or time of payment — plaintiff entitled to judgment against both partners.

The retirement of a partner, in the absence of proof, pursuant to subdivision 3 of section 67 of the Partnership Law of 1919, indicating that any creditor of the copartnership has knowledge that the party remaining in the business has assumed the existing obligations for the dissolved partnership and consents to a material alteration in the nature or time of payment of such obligations, does not discharge said retiring partner from the existing obligations.

Accordingly, plaintiff, in an action for goods sold and delivered a copartnership, is entitled to a judgment against both members thereof, notwithstanding the fact that one partner retired and the remaining partner had assumed the obligations of the firm, in the absence of proof that plaintiff knew of the assumption of the firm's obligations and that any material alteration in the nature or time of payment of said obligations had been made. The fact that plaintiff failed to sue is not a material alteration in the nature or time of payment.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Third District.

*Harold H. Feigin,* for the appellant.

*Nathaniel Seaman,* for the respondents.

PER CURIAM:

Judgment unanimously reversed upon the law, with thirty dollars costs to the appellant, and judgment directed. for the plaintiff

for the amount claimed, together with appropriate costs in the court below.

The status of a creditor to a firm, where one partner retires and the other assumes the existing obligations, is stated in subdivision 3 of section 67 of the Partnership Law of 1919, as follows: " Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations." There was no proof here that plaintiff knew that Goldstone had assumed the obligations of the firm upon the retirement of Bershad. There is no proof of any material alteration in the nature or time of payment of the firm's obligation to plaintiff. Failure to sue is not a material alteration in the nature or time of payment. Mere indulgence by a creditor of the principal debtor will not discharge a surety. (*Powers* v. *Silberstein,* 108 N. Y. 169.) It may be said, without deciding, if plaintiff knew of the assumption agreement, and had been notified by Bershad to begin an action against Goldstone at a time when Goldstone was solvent and plaintiff failed to take proceedings until Goldstone was insolvent, Bershad would be released. (*Colgrove* v. *Tallman,* 67 N. Y. 95.) There is, however, no proof that there was any demand upon plaintiff to sue Goldstone and if plaintiff knew of the assumption agreement it was not necessary for plaintiff to proceed against Goldstone first. (*Morrisey* v. *Berman,* 94 N. Y. Supp. 596, dissenting opinion of GREENBAUM, J.; *Phillips* v. *Schlang,* 139 App. Div. 930, revg. 67 Misc. 142, on the dissenting opinion of WHITNEY, J.)

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.