OCEAN OPERATING CORPORATION, Plaintiff, *v.* CAPITAL CITY SURETY COMPANY, Defendant.

Supreme Court, Kings County, December 31, 1929.

*Malvin B. Mariash*, for the plaintiff.

*Abraham J. Halprin*, for the defendant.

NOONAN, J. This case was submitted for decision upon an agreed statement of facts, at the Trial Term in Brooklyn, N. Y., on October 10, 1929, and thereafter the briefs of counsel were received.

This action is brought on two appeal bonds upon which the defendant was surety and which were given in two actions in which the plaintiff herein had secured judgments against the Hebrew National Kosher Sausage Factory, Inc., and Theodore Krainin.

The bonds provided that if judgment should be obtained against the appellants and an execution issued thereon was returned wholly or partly unsatisfied, the defendant would pay the amount of the judgment, or the portion thereof remaining unsatisfied, and all

costs and disbursements awarded against the appellants on the appeal. The judgments were affirmed on January 30, 1928, executions were issued on the judgments on the 14th day of July, 1928, and returned unsatisfied on the 27th day of July, 1928. In the meantime, on July 2, 1928, the debtor corporation went into bankruptcy and was insolvent.

Liability of the defendant was established when the judgments were affirmed. (*Knapp* v. *Anderson*, 71 N. Y. 466.) It could then have paid the judgments and sought to enforce them against the judgment debtors, or it could have served a demand upon the plaintiff herein to do the same (32 Cyc. 92; *Herrick* v. *Borst*, 4 Hill, 650; *Colgrove* v. *Tallman*, 67 N. Y. 95, 99; *Howe Machine Company* v. *Farrington*, 82 id. 121), but it did nothing. Unless explicit notice was given to the creditor to enforce its judgment, the defendant was not relieved of liability on its bonds. (*Howe Machine Company* v. *Farrington, supra; Burfeind* v. *People's Surety Co.*, 139 App. Div. 762.)

No binding extension of time was given by the plaintiff to the judgment debtors, so that its laches, if any, consists solely in its neglect, for about five months, to issue executions. Since the defendant did nothing to protect itself, it cannot complain of delay on the part of the plaintiff.

It has long been the law of the State that mere delay in enforcing the judgment will not relieve the surety of liability, unless it has been damaged by the delay. (*Herrick* v. *Borst, supra;* 32 Cyc. 93; *Colgrove* v. *Tallman, supra.*) The literal terms of the condition of the bond having been fulfilled and the defense of laches being a defense in the nature of estoppel *in pais*, it is incumbent upon the defendant to show that it has been injured by the delay in issuing execution (*Fischer* v. *Mahland*, 191 App. Div. 209, 211; *Burfeind* v. *People's Surety Co.*, 139 id. 762; *Advance Rubber Co.* v. *Bershad*, 125 Misc. 826), and the defendant has failed to do this.

A business is insolvent when it cannot pay all of its legal obligations out of its own assets. (*Herrick* v. *Borst, supra;* Nat. Bankruptcy Act, 30 U. S. Stat. at Large, 544, as amd.; U. S. Code, tit. 11, chap. 1, § 1, subd. 15.) Under this definition I think the judgment debtors were insolvent when the judgments were affirmed. Krainin had no assets outside the corporation. Although the corporation continued business for five months, most of the money it received was necessarily used in conduct of its business, and its credit balance in the bank was always under $900, while the judgments amounted to $4,689.98. There is no proof of other assets. With such a financial situation, it is apparent that the judgment debtors would have been forced into bankruptcy whenever a

forcible attempt was made to collect the judgments. Under these circumstances the rights of the defendant were not prejudiced by the delay in issuing an execution, and consequently it has no valid defense to the plaintiff's cause of action.

There is also another very cogent reason why the defendant should not prevail in this lawsuit. Surety companies are of recent origin. They do an apparently profitable business. They are paid *for assuming risks* and they should not be easily relieved of their obligations.

Judgment for the plaintiff may be entered for the relief demanded in the complaint, with costs. Findings may be prepared accordingly.