DAVID C. GOODMAN, Respondent, v. GRANADA TOWERS, INC., and Others, Defendants, Impleaded with NICK M. FELDHEIM and MORRIS LENCHINER, Appellants.— Order denying motion to set aside sale affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

GOODWIN APARTMENT CORPORATION, Respondent, v. FRED KRONISH and MORRIS WEINBERG, Individually and as Copartners Trading by and under the Name and Style of KRONISH & WEINBERG, Defendants, and FRED KRONISH, Appellant.— Order in so far as it denies the motion of defendant Kronish to have the complaint made more definite and certain and to have the statements of facts separately numbered affirmed, with fifty dollars costs and disbursements, with leave to said defendant to serve his answer within ten days from service of a copy of the order herein. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ., concur.

JOHN HALEY, Respondent, v. WESTCHESTER ELECTRIC RAILROAD COMPANY, Appellant.— Order of the County Court of Westchester county affirming a judgment of the City Court of New Rochelle unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

SARA R. HARRIS, Respondent, v. GUSTAVE NOQUE, Appellant.— Judgment reversed on the law and the facts and complaint dismissed, with costs. Plaintiff cannot maintain the action for the reason that she shows no possession, which is an essential prerequisite. (*Best Renting Co.* v. *City of New York,* 248 N. Y. 491, 495.) The defendant holds under color of title besides being in actual possession; and if plaintiff's legal title is paramount she must seek her relief in an action in ejectment. Findings of fact and conclusions of law inconsistent herewith are reversed and appropriate findings and conclusions will be made. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur. Settle order on notice.

CATHERINE HOFF, Appellant, v. MERCOGLIANO BROS., INC., Respondent, and FRANK BILLINGHAM, Defendant.— Order reversed on the law and the facts and motion granted, with ten dollars costs to abide the event, on the authority of *Calumet & Hecla Mining Co.* v. *Equitable Trust Co.* (186 App. Div. 328) and *Evoy* v. *Expressmen's Aid Society* (66 Hun, 636). Lazansky, P. J., Young, Scudder and Tompkins, JJ., concur; Davis, J., dissents and votes to affirm.

In the Matter of the Guardianship of ELVA CLARKE, an Infant over Fourteen Years of Age. GEORGE M. CLARKE, Appellant; STEPHEN R. GORDON, General Guardian of ELVA CLARKE, an Infant, etc., and DANIEL BECKER, Special Guardian of ELVA CLARKE, an Infant, etc., Respondents.— Decree appealed from reversed on the law and the facts and the petition of the infant for the appointment of Stephen R. Gordon as her general guardian dismissed, without costs. In our opinion, the Orange county surrogate was without jurisdiction to entertain the application for the appointment of a general guardian of the infant because of the non-residence of said infant. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur. [145 Misc. 660.]