In the Matter of the Guardianship of ESTHER SCHNIPPER, an Infant.

Surrogate's Court, Bronx County, December 26, 1933.

*Harry Nassberg* for the petitioner.

HENDERSON, S. This application is made by an infant, who is twenty years old, for the appointment of her uncle, residing in

Bronx county, as guardian of her person and estate. Both parents are living and reside in New Jersey. They have consented to such appointment. The petitioner's legal residence is in New Jersey. She alleges, however, that she has resided in Bronx county with the proposed guardian since December 1, 1932. This court has jurisdiction to grant petitioner's prayer because she has sojourned in Bronx county for one year (Surr. Ct. Act, § 174, subd. 1), but the exercise of such jurisdiction is discretionary. The infant has no estate. She had been granted a scholarship by New York University applicable on account of the charges for tuition in that university. She alleges that she has waived her rights to such scholarship because of her destitute circumstances, her parents' financial distress, her residence in Bronx county, her uncle's consent to fully maintain and support her, and her admission to Hunter College as a student therein.

The petitioner entered Hunter College in February of this year, and alleges that this application is made at the request of the registrar of that institution. No other reason is given for the application except as above stated and the allegations that the " petitioner elected to emancipate herself from her parents   *   *   * and resided with her proposed guardian   *   *   *   since December, 1932," and that he has maintained, supported and educated her since December 1, 1932.

While it may seem that the petitioner's interests will be promoted by such appointment so that she may obtain free education in Hunter College, consideration must be given to the facts that this college is maintained, with irrelevant exceptions in the discretion of its trustees, solely for the free education of girls who have been pupils in New York city's common schools or who are actual residents of that city (Greater N. Y. Charter, § 1143), and that there is a great present necessity for economy in the expenditure of city funds and for restricting the education gratuitously furnished by the city to those who are entitled thereto by reason of their legal residence therein.

The appointment of a guardian of the person for the sole purpose of transferring the legal residence of the infant from another State to New York city, so that she may obtain gratuitous education at the expense of the city, would circumvent the spirit as well as the letter of the above-cited section of the charter.

The application is denied. Submit order.