In the Matter of the Application for the Appointment of a General Guardian of the Person and Property of Clark H. Galloway, a Minor under the Age of Fourteen Years.

Surrogate's Court, Orange County, January 11, 1938.

*Rosslyn M. Cox*, for the petitioner.

*Russell Wiggins*, for Henry Lee Galloway, James F. Moore and Elizabeth Moore.

Lemon, Special Surrogate. This is an application by Carrie Galloway, the grandmother of Clark H. Galloway, for her appointment as general guardian of his person and property. The petition urges, among other things, that the infant has resided with petitioner in Orange county for seven years; that his mother is dead and that his father is living and resides in Jefferson county, N. Y.

The father opposes the application on the ground that the Orange County Surrogate's Court is without jurisdiction; the maternal grandparents of said infant also oppose on the same ground.

On the question of jurisdiction the Surrogate's Court Act (§ 174) provides:

" Where an infant has no guardian, a Surrogate's Court has jurisdiction to appoint a general guardian of an infant's person, or property, or both, in the following cases:

" 1. Where the infant is a resident of that county, or has sojourned in that county for at least one year immediately preceding the application.

" 2. Where the infant is not a resident of the State, but has property, real or personal, situated in that county."

It is undisputed that the sole living parent of this infant resides in Jefferson county. In the contemplation of the law the residence of the parent determines the residence of the child, even though the child has a habitation elsewhere. Under the facts presented by the petition, therefore, the infant is not a resident of Orange county so as to confer jurisdiction upon this court under the above-quoted section.

This conclusion is sustained by *Matter of Thorne* (240 N. Y. 444, affg. 212 App. Div. 654) and by *Matter of Clarke* (240 id. 782, revg. 145 Misc. 660).

In each of these cases the residence of the parent was held to be the determining factor on an application for general guardianship of the infant. In the *Thorne* case the father of the child resided in Dutchess county, where the child had a domicile until the father's death. The mother was domiciled in New York county. In that case the Court of Appeals said (at p. 449): " The Surrogate's Court of Dutchess county has no jurisdiction to appoint a general guardian unless the infant was a resident of the county. (Surrogate's Court Act, § 174.) Residence and domicile here mean the same. The infant, generally speaking, has no legal residence of his own, whatever his place of abode may be."

Again (at p. 450) the court said: "The child resides with his mother in the contemplation of the law, even though he be living elsewhere, until otherwise disposed of by competent authority and that authority, so far as this case is concerned, is the Surrogate's Court of the county of the mother's domicile."

Petitioner contends that the Orange County Surrogate's Court obtains jurisdiction from the fact that the infant has sojourned in that county for more than one year. I have not been referred to any authority, nor have I found any, holding that the county of the infant's sojourn has jurisdiction, while, at the same time, the infant has a residence in another county. In *Matter of Schnipper* (149 Misc. 905), cited by petitioner, the court does not so hold, and, furthermore, the parents in that case were non-residents. In *Matter of Thorne* (*supra*) the court intimated (at p. 450) that the county of sojourn might have jurisdiction in case a non-resident parent failed to assert his rights of guardianship. Such, however, is not the case here.

The motion to dismiss the petition is granted, and the petition is dismissed, without costs.

Decreed accordingly.