Brewster, J.
(dissenting). A partnership, in and of itself, not being a legal entity (Matter of Peck, 206 N. Y. 55, 60; Jones v. Blun, 145 N. Y. 333, 341), but a status created by the acts of individuals (40 Am. Jur., Partnership, § 2) cannot sue or be sued. When the partners, as persons, are sued in the name of their partnership instead of their individual names, as allowed by section 222-a of the Civil Practice Act, and service of the summons is made upon one or more of them, jurisdiction is obtained over the partnership, its assets and also over the person of the partner served. The statute so states, viz.: when such a summons is thus served it shall be “ with like effect as though all of the persons [constituting the partnership] had been named, as defendants by their own respective names.”. (Italics supplied.) (Civ. Prac. Act, § 222-a.) Thus, as I view it, when the members of a partnership are sued by their firm name, service of the summons on any member makes him individually a defendant and he may answer for the partnership and also answer and proceed for the protection of his individual liability in any such manner as he may be advised. Notwithstanding appellant’s withdrawal, for aught shown by the record here, the partnership is in existence as to the plaintiffs. (Bank of Monongahela Valley v. Weston, 159 N. Y. 201, 211.) I see no denial of due process.
These actions have not proceeded beyond their commencement by the service of the summonses upon the appellant Smith and his special appearance to vacate the service, and, from what the record shows, it does not appear that he has any defense by virtue of his status as a surety. (Partnership Law, § 67, subds. 2, 3; Palmer v. Purdy, 83 N. Y. 144; Advance Rubber Co. v. Bershad, 125 Misc. 826.) But if he has one he is free to make it and also to proceed to such remedy as he may have over against his former partners. That this latter may be difficult or impossible in the present actions, due to the nonresidence of the other partners, is irrelevant to the question presented.
Moreover, it seems clear that the Special Term had power to direct, and as it did, that the appellant be added individually as a party defendant (Civ. Prac. Act, § 105; Boyd v. U. S. *633 Mortgage & Trust Co., 187 N. Y. 262; Comerford v. Fahy Market, 204 App. Div. 533; Calumet & Heel a Mining Co. v. Equitable Trust Co., 186 App. Div. 328; DeWitt v. Abraham Bros. Horse and Mule Co., 170 App. Div. 610), and this in any and all events, to my mind, renders appellant’s position untenable.
The order should be affirmed.
Hill, P. J., Foster and Russell, JJ., concur with Heeeernan, J.; Brewster, J., dissents in a memorandum.
Orders appealed from reversed on the law, with $10 costs and disbursements in one action, and motions granted without prejudice to the rights of plaintiffs to take such other action as they may be advised.