In the Matter of the Appointment of a Guardian of ARTHUR J. McCONNELL, an Infant.

Surrogate's Court, Bronx County, December 3, 1951.

*Eugene L. Sugarman* for Christina V. Hay, petitioner.

*McAloon & Hirschberg* for Arthur J. McConnell, objectant.

POTTS, S. This is an application by the maternal grandmother of the infant herein who is under fourteen years of age, to be appointed the guardian of the infant's person and estate.

The mother of the infant died as the result of an automobile accident on October 10, 1951.

The petition alleges that the infant's father, a resident of New York County, abandoned the infant and his mother in 1946.

The father opposes the application and asserts that the Surrogate's Court of Bronx County has no jurisdiction because the domicile of the infant is in New York County. The answer submitted by him denies the allegations of abandonment.

The preliminary issue of jurisdiction has been submitted for a determination prior to any hearing on the issue of abandonment.

The infant's father and mother were married in 1943.

It appears that in the year 1945 and up to December, 1946, the father was living with his wife and child in the home of his wife's parents in Bronx County. In December, 1946, he left the home of his mother-in-law and went to the home of his own mother in New York County where he still resides.

The petitioner contends that if this court should find an abandonment, the infant's domicile would not upon the mother's death become that of the father in New York County. She also contends that in any event, this court may exercise jurisdiction because the infant has sojourned in this county for at least one year immediately preceding this application (Surrogate's Ct. Act, § 174, subd. 1).

These contentions are overruled.

Whether or not the father abandoned the infant herein is immaterial in determining the issue of domicile.

Upon the death of the infant's mother, assuming that the domicile of the child was that of the residence of the mother in Bronx County, the domicile of the child immediately became that of his father in New York County (*Matter of Thorne*, 240 N. Y. 444). This automatic shifting of domicile is not affected by the possibility that the surviving parent may be unfit to exercise guardianship over the infant. In the contemplation of the law, even though he be living elsewhere, the child's residence is with the father until " otherwise disposed of by competent author-

ity ''. That authority is fixed by the father's domicile '' ' the technically prëeminent headquarters that every person is compelled to have in order that certain rights and duties that have attached to it by the law may be determined.' '' (*Matter of Thorne, supra,* p. 450.)

Under the circumstances of this case, the court would not be justified in exercising jurisdiction solely because of the infant's sojourn in this county (cf. *Matter of Thorne, supra,* p. 450; *Matter of Clarke,* 240 App. Div. 728, and *Matter of Galloway,* 165 Misc. 638).

The petition is therefore dismissed.

Settle order.